FISH CATTLE COMPANY v. J. J. TERRELL, COMMISSIONER, ET AL.

No. 1295.  Decided April 18, 1904.

**School Land—Lease—Cancellation—Nonpayment.**

A lessee of school land applied for and was awarded a new consolidated lease, for a longer term, of such leased-land with others and made his payment of rent under the new lease before, though the lease was issued after the expiration of the sixty days from the time rent became due under the old lease.  Held that the issuance of such new lease, though made after the time when rent could have been paid under the former one, could not be treated as a cancellation of the latter for default in payment by the Commissioner so as to render the new consolidated lease valid.  Blevins v. Terrell, 96 Texas, 411, followed, and West v. Terrell, 96 Texas, 548, distinguished. (Pp. 492, 493.)

Original application to the Supreme Court for writ of mandamus.

The Fish Cattle Company brought suit against Terrell, Commissioner of the General Land Office, and Oglesby, and adverse claimants of lands, for writ of mandamus.

*C. C. Clamp* and *Ellis Douthit,* for relator.—The annual rental on lease No. 20,033 being due on the 13th day of September, 1899, and the said rental not having been paid, after the expiration of sixty days thereafter the Commissioner had the power to cancel said lease.

If, as was the fact, the Commissioner had the power to cancel lease No. 20,033 as well as the other leases described in the petition, no formal declaration of cancellation was essential if the Commissioner and the interested parties agreed to it or acquiesced in it.

The power vesting in the Commissioner to cancel this lease on the 29th day of November, 1899, the contract which issued on said date (No. 28,622½), the letting of this land, the payment of rental thereon, the taking possession of all said land thereunder, the recognition of this lease, the years of acquiescence shown, conclusively show that said lease No. 20,033 was in fact treated as canceled and abandoned on November 29, 1899, and a contract executed under such circumstances is binding upon all the parties.

The Commissioner had the legal authority to relet this land to the same parties upon the payment of all arrears.

Where the power is given by law and legally vests in the Commissioner to act, a contract thus made by him in behalf of the State with an individual is binding upon both parties, the State and the individual, in the same manner and under the same restrictions and obligations as a contract between individuals. West v. Terrell, 96 Texas, 548; Walker v. Rogan, 93 Texas, 248; Day Land and Cattle Co. v. State, 68 Texas, 535; Houston & T. C. Ry. Co. v. Texas (U. S. Sup. Ct.), 44 L. ed., p. 687.

If the Commissioner inadvertently exercised authority over the land which the law did not give him and awarded the same to Oglesby, he had the right to cancel the void contract he made with Oglesby. Moore v. Rogan, 73 S. W. Rep., 2; Eastin v. Ferguson, 4 Texas Civ. App., 646.

The statute requires a lease contract to be executed by the Commissioner, and until the statute has been complied with no leasehold or other right of possession passes to the proposed lessee. Watts v. Cotton, 62 S. W. Rep., 932, and authorities cited; Terrell's Digest of School Land Law, p. 21 (b).

The fact that the application and award was made to Swift & Tomlinson before the sixty days expired did not affect the power of the Commissioner when the proper time came to relet the land. West v. Terrell, 96 Texas, 548.

The rule which gives determining weight to contemporaneous construction put upon a statute by those charged with its execution applies only in cases of ambiguity and doubt. Swift Courtney B. Co. v. United States, 105 U. S., 691.

The act of the Commissioner canceling lease No. 28,622½ and placing this land back in lease No. 20,033 being unauthorized and void, the acts and declarations of Swift & Tomlinson through their agent and attorney thereafter done and made on account thereof will not operate as an estoppel against them. Waggoner v. Dodson, 96 Texas, 415; Citizens' Sav. and Loan Assn. v. Topeka, 20 Wall., 655; 6 Waite's Act. and Def., 692, 703, and authorities there cited.

The action of the Commissioner of the General Land Office in making a lease is conclusive of the question of nondemand for the land for actual settlement. Brown v. Shiner, 84 Texas, 510.

WILLIAMS, ASSOCIATE JUSTICE.—The facts of this case are com-

plicated, and the pleadings, in stating them so as to develop the questions of law arising, necessarily involve a great amount of detail which it would serve no useful purpose for us to repeat. A simple statement may be given as follows:

In 1899, Swift & Tomlinson, whose rights are now asserted by relator, held various leases from the State of lands belonging to the school fund, the rents upon which were becoming due at different times during the summer and autumn. They desired to lease other lands and to include all of their holdings in a consolidated lease for the term of ten years, the rents upon which would be payable at the same time. Among the existing leases was one including the land in controversy for a term of five years from September 13, 1897, upon which the rent was payable September 13th of each year. The rent had been paid for the year 1898-1899, and that for the next year became due September 13, 1899, but sixty days time from that date was allowed by law for payment before a cancellation could have been made. On the 1st day of September, 1899, Swift & Tomlinson made application in writing for a lease, for ten years, of all of said lands including those in controversy already embraced in the lease just mentioned. This application was accepted by the Commissioner on October 7, 1899, and the applicants were duly notified in writing of the acceptance. On the 13th day of October, 1899, Swift & Tomlinson paid the rent upon all the lands included in this contract, and in accordance therewith the Commissioner, on November 29, 1899, executed the lease. On some of the leases merged into the new one the rent for the ensuing year had been paid and on some it was unpaid at the date of the application for the consolidation. On some of the latter it had been due more and on others less than sixty days. Those in the condition last named, as was the one specified, were therefore not subject to cancellation. After the decision of this court in the case of Ketner v. Rogan, 95 Texas, 559, the Commissioner was of the opinion that the consolidated lease, so far as it affected the land in controversy, was invalid, and treated the original lease including that land as in force until September 8, 1902, when he canceled it for nonpayment of the rent which was due September 13, 1901. Respondent, Oglesby, then applied to purchase, and again, after the expiration of the term of that lease made a second application, and the land was sold to him. The mandamus is applied for to compel the Commissioner to reinstate the consolidated lease, upon the contention that its issuance was, in effect, a cancellation of the prior lease for nonpayment of rent which had then been due for more than sixty days. We think it clear that such was not the character of the transaction. Before there was any power to cancel for nonpayment, such action was completely forestalled by the arrangement which was made—the application for and award of the consolidated contract and the payment of the money under it. The issuance of the lease was but the completion of that arrangement, and the accidental circumstance that it was issued after the expiration of the sixty days did not alter the character of

the transaction. The pleadings clearly show that the parties acted as they did in the Ketner case on the assumption of the power in the Commissioner which was denied by that decision. There was no pretense of a cancellation of the existing lease for nonpayment of rent or for other lawful cause. The case is not like that of West v. Terrell, 96 Texas, 548, in which leases were in fact canceled at the proper time and new leases executed because the rent had been due for more than sixty days. The Commissioner did in that case what in this case he did not. His action in this case was the same as that held illegal in the Ketner case. He was therefore right in disregarding the consolidated lease as it applied to this land and in holding that it was not in the way of a sale. Blevins v. Terrell, 96 Texas, 411.

*Writ refused.*