## L. S. McDowell v. J. J. Terrell, Commissioner.

### No. 1450. Decided June 1, 1905.

**1.—School Land—Lease—When Taking Effect.**

A lease of school land takes effect when the first annual rental is paid (Rev. Stat., art. 4218r), and where this payment was made and a new lease issued after the expiration of a former lease, though upon an application filed by the lessor while his former lease was unexpired, the land was lawfully so relet. (P. 109.)

**2.—Same—Cases Discussed.**

Hazelwood v. Rogan, 95 Texas, 295, and West v. Terrell, 96 Texas, 548, followed and Fish Cattle Co. v. Terrell, 97 Texas, 490, distinguished. (P. 109.)

**3.—Mandamus—Remedy at Law.**

One whose lease of school land has been wrongfully set aside by the Land Commissioners, in favor of a subsequent applicant to purchase, may maintain suit to be reinstated as such lessee in the land office, though he had a remedy by suit to recover the land from the purchaser. (Pp. 109, 110.)

*Ellis Douthit,* for relator.—The land in controversy being subject to lease at the date of the payment of the first annual rental thereon, and at the date of the execution of lease contract No. 30944 the act of the land commissioner in issuing a lease contract was valid and binding on the state, and gave to relator a valid lease contract on the land in controversy. West v. Terrell, 96 Texas, 584; Walker v. Rogan, 93 Texas, 248; Day Land & Cattle Co. v. State, 68 Texas, 553; Houston & T. C. Ry. Co. v Texas, 177 U. S., 66.

The statute requires payment to be made and lease contract to be executed by the commissioner and until the law has been fully complied with no leasehold right passes to the lessee. Batts Statute, art. 4218r; Watts v. Cotton, 62 S. W. Rep., 932.

The fact that application was made for the land and awarded before the expiration of lease contract No. 18472 did not deprive the commissioner of the power when the lease expired to relet the land. West v. Terrell, 96 Texas, 548.

*R. V. Davidson,* Attorney-General, and *T. S. Reese,* Assistant, for respondent Terrell.—In the West case it was held by this court (96 Texas

Rep., 548), to be of no importance that Morris' application to lease was made before the previous lease was cancelled, or was subject to cancellation. A mere application could, of course, confer no right on the applicant and impose no obligations upon the state; but can the same be said of the application and acceptance by the commissioner? We think the case hinges on the answer to this question.

Considering the terms and provisions of the statute (arts. 4218r and 4218s, Rev. Stat.), I think it can not be logically held that the application and acceptance had no effect of themselves, but that the payment of the first installment of rent in addition, fixed the rights of lessee from the moment of such payment and in advance of the execution of the written lease. The execution of the written lease was, as was said in the Fish Cattle Company case, but the completion of the arrangement already consummated before the termination of the old lease, and binding the land so as to effectually prevent its sale at any moment of time between the end of the old and beginning of the new lease. Such was clearly the intention of all parties, as is shown by the fact that the new lease was made to run from the date of the application, and such was the substantial effect of their action.

*E. Cartledge,* for respondent Sanderson.—The relator having made application for lease of the land involved, section 38 with other lands, on May 22, 1900, and his said application having been accepted by the land commissioner on May 25, 1900, at a time when said Section 38 was then under a valid lease still in force, and the other lands applied for being then embraced in other valid leases in force, the land commissioner was without power and authority to accept and award relator's application, No. 30944, and, therefore, same was and is void as a whole, and no obstacle to sale of section 38 to the respondent Sanderson. Art. 4218s, Sayles Texas Civil Statutes (1897); Ketner v. Rogan, 95 Texas, 559; Fish Cattle Co. v. Terrell, 97 Texas, 490.

As a proposition, the well settled rule that if a complainant has an adequate legal remedy he is not entitled to maintain such an extraordinary remedy as that of mandamus, is invoked. Hazelwood v. Rogan, 95 Texas, 295.

GAINES, CHIEF JUSTICE.—This is a petition for a writ of mandamus to compel the Commissioner of the General Land Office to reinstate the relator as lessee of a certain section of school land in Glasscock County, known as section 38 of the Texas & Pacific Railway Company surveys. The facts of the case as shown by the pleadings of the parties are as follows: In May, 1900, the relator had the section in controversy under lease from the state. This lease, according to the terms of the contract, was to expire on the 3d day of June of that year. He also had several other sections under lease which were to run for a longer time. Though none of these leases had expired on the 22d day of May of the year named, he made application to the Commissioner of the General Land Office to lease them all anew for the term of ten years. The application was accepted May 25, and the first annual rent was paid into the treasury and the lease executed by the Commissioner on June 7, next

thereafter. After the decision of this court in the case of Ketner v. Rogan (95 Texas, 559), in which it was held that a lessor could not, before the expiration of his lease, surrender it and take out a new lease, this new lease was cancelled as to all the lands except as to the section in controversy.

On the 31st day of January, 1905, the defendant, Sanderson, filed a regular application to purchase this section and complied with all the requirements of the statute with respect to the purchase of school lands. The Commissioner of the General Land Office accepted his application to purchase, thereby treating the relator's lease as if it were void.

The relator's first lease on section 38 terminated on June 3, 1900. The validity of the second, as to this section, depends upon the date at which it took effect or would have taken effect, if not illegal. It seems to us that the statute settles this question. Article 4218r, of the Revised Statutes, contains this provision: "All leases shall be executed under the hand and seal of the Land Commissioner and delivered to the lessee, or his duly authorized agent, and such lease shall not take effect until the first annual rental is paid," etc. So that before this lease took effect the former lease had expired, and the section was subject to be relet. The case seems, therefore, to fall within the principle applied in the case of Hazelwood v. Rogan (95 Texas, 295), where it was held that the fact that the application to purchase had been made before the land came on the market did not render the sale invalid, where it had been accepted by the Commissioner after the land became subject to sale and before the right of any third party had intervened.

The case, as we think, is controlled by the decision in West v. Terrell (96 Texas, 548), rather than by that in Fish Cattle Co. v. Terrell (97 Texas, 490). In the former case the lease was applied for before the previous lease had been cancelled, but the lease was executed after the cancellation. It was held that the lease was valid. In the latter there was no cancellation of the old lease, although at the time the new lease was made the old was subject to cancellation. It was pointed out in the opinion in that case, that the purpose of executing the consolidated lease was not to cancel the old lease, but to extend it, and it was upon this point that the case turned. In the case at bar no cancellation was necessary. As we have seen, when the new lease was executed the former had expired by the lapse of the term for which the land was let, and there was no obstacle in the way of a reletting of the section. The fact that it was the purpose of the lessee and the Commissioner to consolidate and extend the leases in this case, can make no difference as to relator's rights in section 38. The lease was good as to that section though void as to the others. The Commissioner in extending the leases, mistook the law and transcended his authority; and the lessee, availing himself of the practice of the department, accepted a lease which was void as to such sections of land as were under lease and good for that in controversy, unless he is to be punished for acting under the ruling of the department with which he was dealing.

It is urged on behalf of defendant, Sanderson, that the relator has a plain, adequate and complete remedy at law, and that therefore the writ of mandamus should not issue. We are of the opinion, however,

that the position of the lessor, recognized in the land office as being in good standing with the rights and privileges given by the statute to such lessor, is more valuable than that of a lessor not so recognized, who has sued a rival claimant of the title in a suit at law and has recovered a judgment. (Hazelwood v. Rogan, supra.)

The writ of mandamus is awarded.