No. 5640.

P. NOBLES *v.* THE MAGNOLIA CATTLE COMPANY.

PUBLIC LAND—FRAUD.—A lessee from the State under the act of 1883, applied to lease six hundred and forty acres of land as "dry pasture land." After the lease was made, an actual settler applied for and pur-chased the land as "dry land," paying the price, going into possession and making the improvements required by law. In a contest between the lessee as plaintiff and the purchaser, after the plaintiff had pleaded his lease, in which the land was designated as dry land, he offered in evidence his second application to lease, made after the purchase by the actual settler, in which the land was designated as "watered land," *held:*

(1) The admission of the second application and the lease thereunder was erroneous, since a recovery was sought expressly under the original lease, the action could not be sustained under the second lease.

(2) Though the section was in fact watered land, and had been misrep-resented to the officers of the State by both the lessee and the purchaser, no one but the State could complain of the fraud, and as between the parties, the actual settler who had consummated his purchase was enti-tled to recover.

APPEAL from Howard. Tried below before the Hon. William Kennedy.

*Andrews Brothers,* for appellant: That it was error to admit the second lease, cited Paul v. Perez, 7 Texas, 345; Roseborough v. Gorman, 6 Texas, 313; Lemmon v. Hauley, 28 Texas, 221; Young v. Lewes, 9 Texas, 77; Hall v. Jackson, 3 Texas, 309-311; Burnet v. Henderson, 21 Texas, 590; Brown v. Martin, 19 Texas, 346.

The decree must be conformable to the case stated in the bill, and the allegations in the bill must form the basis of the decree, citing Walker v. Burks, 48 Texas, 206; Graham v. Henry, 17 Texas, 166; Hall v. Jones, 3 Texas, 310.

No briefs on file for appellee.

COLLARD, JUDGE. Section seventeen of the act of 1883, pro-viding for the sale and leasing of school and asylum lands, de-clares that all "leased lands" shall remain subject to purchase

for actual settlement in bodies not to exceed six hundred and forty acres, the purchaser swearing that he intends to actually settle on and build a fence on the land; provided that, when the lessee has but one watered section leased from the State in the same vicinity, such section shall not be subject to sale and settlement during the term of the lease. (General Laws 1883, p. 89.)

The appellee applied for lease of the section in controversy as "dry pasture land," and under that application his lease was granted, in which it is stipulated the State reserved the right to sell the land to an actual settler. Such a lease, under the section just quoted, would be subject to sale to an actual settler. After plaintiff's lease was awarded, to wit, on the twenty-second day of August, 1884, appellant made application to purchase the land as an actual settler, classing the land as "dry land," and the evidence shows that the land was sold to him, and that he fully complied with the law, paying the amount required, for which receipts were issued to him, and going into actual possession and making improvements as required by law.

In a contest between the lessee and the purchaser, under the circumstances stated above, the purchaser has the title by the express provisions of the law. All leased dry lands are subject to purchase under the statute, in quantities not to exceed six hundred and forty acres, for actual settlement. It was intended to give a preference to actual settlers, and it appearing from the record that the defendant had complied with the law, his settlement would entitle him to a recovery unless appellee had shown that its title comes within the provision of the exception of the statute as to one watered section in the same vicinity that may be held by a lessee to the exclusion of an actual settler.

In order, then, to defeat a recovery by defendant, appellee offered and read in evidence, over defendant's objection, a second application made by it to the State Land Board, of date September 22, 1884, classing the land as watered land, the award of the land by lease for the same period and covering the same time as the original lease at twenty cents per acre per annum. The admission of the second application and the lease thereunder was clearly erroneous. Plaintiff had pleaded the original lease, and title thereunder, and claimed the right to a recovery by virtue thereof; having elected to do so, no other title could be offered. (St. Louis, Arkansas and Texas Railroad Company

v. Whitaker, 5 Southwestern Reporter, No. 15, decided at Tyler, October 18, 1887, by Supreme Court of Texas, citing Rivers v. Foote, 11 Texas, 670; Mills v. Alexander, 21 Texas, 162; Custard v. Musgrove, 47 Texas, 218; and 45 Texas, 425.)

The court found as a conclusion of fact that the section in dispute was watered land, and that there had been no sale to defendant by the State—presumably upon the ground that defendant had misrepresented the quality of the land in his application to purchase, classing it dry land when it was watered land. If such representations were false—and we have no reason to doubt it—it was an attempt to defraud the State by a purchase of the land at a less amount than its value, and at less than the price fixed by the act for such land. But plaintiff could not take advantage of the fraud; that could be done only by the State.

Section 6 of the above quoted act provides that: "Every attempt to evade the limitation of this act, as to the amount or class of land one may purchase, by any device whatever, shall be deemed fraudulent, and the fraud may be shown and the purchase canceled by the State within one year from the date of sale." The sale was valid, so far as the plaintiff was concerned, until set aside by the State. Plaintiff, whether by mistake or otherwise, had classed the land as dry land, and had obtained a lease at less than its value, as evidenced by the fact of paying twenty cents, after it was ascertained that defendant had purchased it. Judging from the finding of the court that the land was watered land, and from the facts as proved, it would seem that both parties were attempting to obtain the land at less than its value. But these are matters of which the State alone has a right to complain, in a proper way and in the time limited. Defendant exhibited a title that upon its face defeated the title set up by plaintiff in its petition, and he had the right to a recovery as against plaintiff upon such title. We are not called on to decide the rights of the State in this proceeding.

We are of opinion the judgment of the court below should be reversed, and a judgment here rendered for the appellant, and we so report the case.

*Reversed and rendered.*

**Opinion adopted December 13, 1887.**