## Rus. Jones v. J. J. Terrell, Commissioner.

### No. 1664. Decided March 13, 1907.

**Sale of School Land—Proof of Settlement.**

Under section 4 of the Act of the Twenty–ninth Legislature for sale of school land (Laws 1905, chap. 103, p. 162) the purchaser, though he has made settlement on the land within ninety days, must file his affidavit showing that fact within one hundred and twenty days from the acceptance of his application, or his right to the land is lost, and the award to him as a purchaser properly canceled by the Land Commissioner. (Pp. 411, 412.)

Original application to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*James & Yeiser,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

BROWN, ASSOCIATE JUSTICE.—Relator filed his petition in this court for a writ of mandamus to the Commissioner of the General Land Office, requiring him to reinstate a purchase of school land made by the relator, and which was afterwards declared forfeited by the said Commissioner. The substance of the facts alleged is that on August 4, 1906, by regular bids and a full compliance with the law, relator applied for the purchase of four sections of free school land lying in Webb County, a description of which is unnecessary to the decision of the question now before us. The land was awarded to the relator by the Commissioner on the 4th day of August, 1906, and the purchaser, Jones, within ninety days from that date went upon the land and actually settled thereon, making valuable improvements. On the 3d day of December, 1906, the relator made an affidavit "that he had in good faith actually, in person, settled upon the land purchased by him," which was filed in the General Land Office on the 5th day of December, 1906. In that affidavit, however, he stated that he had settled on the land on the 4th day of November, 1906, which was more than ninety days after the award of the land to him. The Commissioner, upon receipt of this affidavit, canceled the sale of the land to the purchaser, Jones, for the reason, as alleged in the petition for mandamus, that it appeared from the affidavit that the settlement was made after the expiration of the ninety days from the date of the award. Jones thereupon made another affidavit, stating that he had settled upon the land at a time within the ninety days from the date of the award, and forwarded it to the Commissioner of the General Land Office, which was received and filed in the Land Office on the 12th day of December, 1906. The Commissioner has filed only a general demurrer to the petition. No rights of third persons have intervened.

Relator's purchase was made under the Act of the Twenty-ninth Legislature, the fourth section of which prescribes the method by which lands shall be put upon the market and sold, and, among other things, provides as follows: "All sales shall date from the day the successful applicant's application is filed in the Land Office. The applicant shall have ninety days from the date of the acceptance of his application within which to actually settle upon the land so purchased, and he shall within thirty days after the expiration of said ninety days given, within which to make settlement, file in the Land Office his affidavit that he has in good faith actually, in person, settled upon the land purchased by him. Should the applicant fail to make and file the affidavit and proof of settlement herein provided within the time specified, the Commissioner of the General Land Office shall indorse that fact upon his application, cancelling the same, and immediately place the same upon the

market." The relator having failed to file his affidavit of settlement within one hundred and twenty days from the 4th day of August, 1906, and the Commissioner having declared the sale to him void, there is no claim. existing in favor of the said relator to the land which he seeks to acquire. The fact that he made a mistake as to the date of his settlement, and the amendment of his affidavit in that particular, become unimportant in the case, for if his affidavit had been correctly made and filed at the time that it was it would have been three days, at least, after the expiration of the one hundred and twenty days allowed by law within which to file the same. In passing upon the motion to allow the filing of the petition for mandamus, we overlooked the fact that the affidavit had not been filed within the time required by law, otherwise the motion would not have been granted.

It is therefore order that the writ of mandamus be refused.

*Mandamus Refused.*