JOHN A. WYERTS v. J. J. TERRELL, COMMISSIONER, ET AL.

No. 1663.   Decided March 13, 1907.

**1.—School Land—Right to Purchase—Attacking Previous Sale—Limitation.**

An applicant whose right to purchase school land depends on the invalidity of the title of a previous purchaser, recognized as such by the Land Office, is barred from attacking such title by failure to bring suit to test its validity within one year, as required by the Act of 1905 (Laws, Reg. Sess., p. 35). Murphy v. Terrell, ante, p. 397, followed.   (P. 410.)

**2.—Same.**

The limitation prescribed by the statute (Act of 1905, p. 35) is not rendered inapplicable by the fact that the reinstatement of the former purchaser, after forfeiture, was done by the Land Commissioner under circumstances which did not authorize it.   (P. 410.)

Original application to the Supreme Court for writ of mandamus against Terrell, as Commissioner of the General Land Office, Susan A. and T. F. Swan, adverse claimants of the land in controversy, being made corespondents.

*James & Yeiser,* for relator.

*R. V. Davidson,* Attorney-general, and *W. E. Hawkins,* Assistant, for respondent Terrell.

*M. Van Sickle,* for respondents Susan A. and T. F. Swan.

WILLIAMS, ASSOCIATE JUSTICE.—Relator seeks a writ of mandamus to compel the respondent, Terrell, as Commissioner of the General Land Office, to recognize his right to purchase a section of school land claimed by Susan A. Swan, who, with her husband, T. F. Swan, are joined as corespondents, and whose claim is recognized by the Commissioner as valid, and superior to that of relator.

The facts material to the disposition which we shall make of the case are that, in 1883, the land was sold by the Land Board to one Way, from whom, by regular transfers, the right acquired under his contract of purchase passed to and vested in Mrs. Swan. In 1895 this contract was canceled by the Commissioner for a default in the payment of interest, and later in the same year the land was leased for a term of ten years to T. F. Swan, who assigned his lease to one Gage, and it was held by the latter until it was forfeited and canceled for failure to pay the rent, on the 17th day of November, 1904. A few days before this cancellation took place Mrs. Swan filed in the Land Office her claim of title under the Way purchase, and applied in writing to have the sale reinstated, having paid to the Treasurer the amount of money necessary for that purpose under the Act of 1897 regulating the reinstatement of canceled contracts of sale. On the day of the cancellation of the lease, November 17, 1904, the Commissioner authorized the Treasurer to accept payment of arrears of interest upon the Way contract, which was done, and the money paid in by Mrs. Swan was accordingly applied. At the same time

the Commissioner notified the attorney for Mrs. Swan of the instruction given to the Treasurer, stating that, upon the filing in the Land Office of the Treasurer's receipt showing the interest to have been paid, the sale would be reinstated. The evidence of such payment was filed in the Land Office November 19, 1904, but the actual indorsement of reinstatement was not made in that office until November 21. The notice from the Commissioner to the county clerk of Brewster County, of the cancellation of the lease, was filed with the clerk November 19, and on the same day relator made the application to purchase on which he now relies.

Some questions are made by relator as to the validity of the reinstatement of the contract of sale under which corespondents claim, but we are of the opinion that they can not now be made by him. More than a year elapsed before the institution of this proceeding after the Act of 1905, prescribing the time in which persons such as relator may attack sales of school lands made to others, took effect. We think the statute applies to the case and bars the remedy sought.

Counsel for relator argue that the action of the Commissioner was void, and that the act does not apply, because at the time of the reinstatement the circumstances to authorize it did not exist. But this would deprive the statute of all effect. When the Commissioner, acting for the State, has made a sale of land to one person, another can not, in any case, buy the same land while such sale is allowed by the State to stand, unless by showing that it was, or has become, null and void, leaving the land subject to purchase and sale, as if it had never occurred. (Noble v. Cattle Co., 69 Texas, 434.) Such a claimant can never have a sale disregarded upon any other theory; and the contention that the act does not apply to such cases would strip it of all its force and defeat its purpose. The statute removes all questions which can thus be raised as to sales which have stood for a year without being attacked by suit. (Acts Reg. Sess., 1905, p. 35; Murphy v. Terrell, ante, p. 397, opinion delivered March 6, 1907.) By the provisions of the second section the presumption is made conclusive that all requirements with reference to sale have been complied with. Mrs. Swan, by the reinstatement of the original contract of sale, was put in the attitude of a purchaser from the State. A contract of purchase and sale was thereby made between her and the State as fully as if she had been the original purchaser. It is now too late for relator to attack that contract.

*Writ Refused.*