J. M. KING v. J. T. ROBISON, COMMISSIONER, ETC.

No. 2096.    Decided May 18, 1910.

**School Land—Action to Determine Validity of Lease—Limitation.**

One claiming the right to purchase school land because the lease under which another holds it is invalid, must bring his action to establish such right within one year from the date of the statute imposing the limitation or that of

the subsequent grant of the lease attacked (Act of March 16, 1905, Laws 29th Leg., p. 35). Under this rule plaintiff's action for mandamus to require the Land Commissioner to accept his applicaton to purchase, brought on Nov. 1, 1909, was barred where a lease of the land for ten years, executed on March 22, 1898, was superseded by another, for a like term, in June, 1900. If the second lease was invalid under the rulings in Ketner v. Rogan, 95 Texas, 490, and this left the first lease in force till the expiration of its term, preventing relator from sooner acquiring any right to attack the second, the latter was the one in force after the first expired, and the one he sought to attack, and suit was required to be brought within one year thereafter.

Original application to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office, Fitzgerald, an adverse claimant as lessee of the land sought to be purchased by relator, being made corespondent.

*Charles Rogan,* for relator.—If the rent on land leased by the State has been paid, the Commissioner of the General Land Office has no power, to merge or consolidate the lease into a new lease and thereby give to the lessee a longer leasehold on the land than ten years, even though the extension of the leasehold by consolidation was with the lessee's consent and made at his request. Ketner v. Rogan, 95 Texas, 559; Fish Cattle Co. v. Terrell, 97 Texas, 490; West v. Terrell, 96 Texas, 548.

The consolidated lease will not expire until June 1, 1910, and under the contention of respondent the land will not be subject to sale until then. If his contention be true the corespondent will have had the land in suit under lease for two months longer than twelve consecutive years, during which time there has never been a moment when an actual settler could lawfully file an application to buy the land or to afford the Commissioner an opportunity to determine whether it was in demand for settlement. Therefore the contention of the respondent is in violation of the Constitution requiring the land to be sold when in demand for settlement. These questions are fully discussed in the Ketner case and it is respectfully referred to.

*Jewel P. Lightfoot,* Attorney-General, and *L. A. Dale,* Assistant, for respondent Robison.

*E. Cartledge,* for corespondent, Fitzgerald.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This proceeding was commenced November 1, 1909, by the filing of the motion of relator for leave to file a petition for mandamus against the Commissioner to compel him to award to relator certain sections of school land, which he had applied to buy and which the Commissioner had refused to sell to him for the reason that they were embraced in a lease held by corespondent Fitzgerald.

The respondents, in their answers, assert that the action was not begun within the time prescribed by the statute of 1905. (Laws 29th Leg., p. 35).

Treating the action, as we think it should be treated, as having been begun by the filing of the motion accompanied by the petition, we must hold that the position of respondents is sustained by the statute referred to.

The attack made by the petition on Fitzgerald's lease is that it is void under the decisions of this court, especially those in Ketner v. Rogan, 95 Texas, 559, and Fish Cattle Co. v. Terrell, 97 Texas, 490, the facts alleged being that an original lease including the lands in controversy was taken for ten years from March .22, 1898, which was kept in force by regular payments of rent until June, 1900, when an attempt was made to supersede it by another lease including the same and other lands for a term of ten years from the last named date. ·Facts are set up in Fitzgerald's answer which question the applicability of the doctrine of the decisions referred to, but we need not dwell upon them. According to relator's own showing he did not bring his action within one year either from the taking effect of the act of 1905, or from the date of the award of the lease attacked. His counsel argues that he could not have acquired any interest in the land to entitle him to sue until after March 22, 1908, since, if the second lease be regarded as void, the first remained in force and protected the land from purchase until the expiration of the term fixed by it at the date last named. The soundness of this contention may be conceded without conceding the conclusion sought to be drawn from it. If the doctrine in the Ketner case applied to the second lease, it was void; and under other decisions the first lease, not having been cancelled otherwise than by the execution of the second, remained in force. It may be plausibly contended that, in law, it, and not the second, is the lease to be regarded in determining the question of limitation under the law of 1905, and that, as it is not attacked, that law has no application to the case. This, however, does not meet ·the difficulty. An "award" had been made of another lease, which has been recognized by the authorities of the State, and which has been the only lease acted on since March 22, 1908. The first lease was no longer in the way of applications to purchase after that date, and therefore not in the way· of a suit attacking the second. This action was not begun for more than a year after the time when the right now asserted could have been set up against the lease now attacked and we think the statute applies. After the expiration of the first lease there remained the other which had been awarded and which was being recognized and acted on by the Commissioner as valid. It was within both the language and purpose of the Act. Murphy v. Terrell, 100 Texas, 399. That it would have been declared void upon an attack made in time does not deprive it of the protection of the statute, which was designed to meet just such objections. Wyerts v. Terrell, 100 Texas, 410.

*Mandamus refused.*