NATIONS et al. v. MILLER et ux.†

(Court of Civil Appeals of Texas. San Antonio. March 20, 1912. Rehearing Denied April 10, 1912.)

PUBLIC LANDS (§ 173*) — SCHOOL LANDS — "RIGHT TO PURCHASE"—CANCELLATION BY COMMISSIONER — REINSTATEMENT — LIMITATIONS—STATUTES.

Acts 29th Leg. c. 29, § 1, provides that all persons claiming rights to purchase or lease any public free school lands which have been sold or leased to any other person shall sue therefor within one year after the act takes effect, or after the award of such sale or lease, if made after the taking effect of the act, and not thereafter. *Held* that, where a purchaser's right to purchase school land is forfeited by the Commissioner, his right to reinstatement, if any, is a claim of right to purchase, to which the statute applies; and, unless suit to enforce such right is instituted within a year after the award, it is barred.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 544–551; Dec. Dig. § 173.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by F. P. Miller and wife against J. H. Nations and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

T. A. Falvey, Robt. L. Holliday, and Turney & Burges, all of El Paso, for appellants. Peyton F. Edwards, C. W. Croom, and John L. Dyer, all of El Paso, for appellees.

MOURSUND, J. This is a suit in trespass to try title, brought by F. P. Miller and his wife, I. D. Miller, against W. P. Paschal and J. H. Nations, for all of sections 42 and 32, in block 80, township I, Texas & Pacific Railway Company survey, sections 22, 24, 26, and 28, block 81, township I, Texas & Pacific Railway Company survey, containing 640 acres each, all public free school lands in El Paso county. The defendant Paschal pleaded not guilty. Defendant Nations pleaded general demurrer, general denial, and not guilty.

The facts are as follows: On May 18, 1906, W. P. Paschal applied to purchase said section 28, block 81, as a home section, and said sections 24, 26, 22, block 81, and sections 32 and 42, block 80, as additional to his home section; all of said applications being in due and legal form. All of said lands were awarded to said Paschal on June 26, 1906, and he duly filed his proof of occupancy.

The purchase by Paschal is admitted to have been in compliance with law in all respects. On May 24, 1909, J. T. Robinson, Commissioner of the General Land Office, on each application made by Paschal, indorsed the following: "Land forfeited for failure to reside thereon as required by law." Paschal had made all payments to the state up to that time, and since then has tendered same; but they have been refused. On October 13, 1910, he filed proof of occupancy, which was not accepted by the Commissioner. After such forfeiture, the land was duly and legally advertised and appraised, and on May 26, 1909, Mrs. I. D. Miller made application to purchase said section 42, block 80, as a home section, and the other sections so forfeited as additional to her home section, and on June 10, 1909, all of said lands were awarded to her. It is admitted that in making such purchase the law has been in all things complied with, and that Mrs. Miller has since such purchase fulfilled her obligations to the state. Her purchase is in good standing, and she is being recognized by the Commissioner of the Land Office as the purchaser of the lands in controversy; and since the cancellation of his awards said Paschal has not been recognized as the owner of said lands.

No suit or action was brought at any time by W. P. Paschal or J. H. Nations, his lessee, against Mrs. I. D. Miller or her husband, or against the Commissioner of the Land Office, nor was any cross-action or plea in reconvention filed herein by them, or either of them. More than one year after the lands were awarded to her, viz., on July 7, 1910, Mrs. I. D. Miller, joined by her husband, F. P. Miller, filed this suit, in which the defendants answered on July 29, 1910.

The defendant Paschal offered to prove, and tendered many witnesses to prove, that he was continually on the land from the time of the filing of his affidavit of settlement until the plaintiffs Miller filed their suit, sequestrating the home section of Paschal.

The plaintiffs tendered witnesses by whom they expected to prove that Paschal, after making his settlement, did not reside on the land, as required by law. The court refused to hear any of the testimony offered in regard to Paschal's occupancy, and instructed the jury to return a verdict in favor of the plaintiffs, because the defendants had not brought any suit within one year after the date of the award to the plaintiff Mrs. I. D. Miller, and for that reason only. Such verdict was returned, and judgment rendered accordingly. Defendants filed a motion for a new trial, which was overruled, and they have appealed the case to this court.

The question raised by the assignments of error is whether the statute of limitation, passed in 1905 (Acts Reg. Sess. 29th Leg. p. 35), bars the appellant Paschal from assert-

ing that the cancellation of his purchase by the Commissioner was not justified by the facts, and therefore without authority of law, and in that manner showing a superior right and title to the land than that held and owned by appellees.

Appellees contend that appellant Paschal is barred by that statute, not having brought any suit within a year from the date of appellee I. D. Miller's award, while appellant says the statute only applies to persons claiming the right to purchase, and that he does not come within such class, but in fact is a purchaser, because the act of the Commissioner in canceling his sale is a nullity.

The act of the Legislature referred to reads as follows:

"Section 1. Be it enacted by the Legislature of the state of Texas: That hereafter all persons claiming the rights to purchase or lease any public free school lands, or any lands belonging to the State University, or either of the state asylums which have been heretofore or which may be hereafter sold or leased to any other person under any provision of the law authorizing the sale or lease of any of said lands, shall bring his suit therefor within one year after this act goes into effect, or after the date of the award of such sale or lease, if such award is made after the taking effect of this act, and not thereafter.

"Sec. 2. If no suit has been instituted by any person claiming the right to purchase or lease any of said land within the period of time limited in the first section of this act, it shall be conclusive evidence that all the requirements of the law with reference to the sale or lease of such lands have been complied with; provided that nothing in this act shall be construed to affect the state of Texas in any action or proceeding that may be brought by it in respect to any of said lands."

This statute has been construed in a number of cases; but none are directly in point on the question raised in this case.

The case of Murphy v. Terrell, 100 Tex. 399, 100 S. W. 130, was one in which Murphy asked for a mandamus to compel the Commissioner to award him three sections of school land as additional land. The co-respondent, Tillman, denied that Murphy had settled on and occupied his home section. Murphy claimed that the attack upon his home section came too late, not having been made within a year from date of his award. The court says: "It will be noted that the express terms of the act apply only to cases in which persons claim the right to purchase or lease land which has been already sold or leased to others: and, as the co-respondent is not attempting to obtain the section which has been sold to relator, the language does not specifically include her. It may therefore be contended that the prescribed limitation is not applicable to the case. But this

would be a very narrow view of the statute, the purpose of which evidently was to protect from the attacks of all, except the state, sales and leases which have stood and been recognized by the state for as long as a year. If only a question of the limitation of time applicable to such cases as this arose out of these provisions, it should be held, we think, that the period prescribed by the statute applies. While the co-respondent does not attack the sale to relator because she claims the right to purchase the section which he bought, she does attack it because, upon her theory, the relator's right to purchase the other section is dependent on the validity of his claim to his home section. She thus puts herself in the attitude of one attempting to show that he acquired no title to his home section, and therefore no right to buy the other land. Her position could not possibly be better than that of one claiming the right to buy the land previously sold."

In the case of Wyerts v. Terrell, 100 Tex. 409, 100 S. W. 133, the Supreme Court says: "Some questions are made by relator as to the validity of the reinstatement of the contract of sale under which co-respondents claim; but we are of the opinion that they cannot now be made by him. More than a year elapsed before the institution of this proceeding after the act of 1905, prescribing the time in which persons, such as relator, may attack sales of school lands made to others, took effect. We think the statute applies to the case and bars the remedy sought. Counsel for relator argue that the action of the Commissioner was void, and that the act does not apply, because at the time of the reinstatement the circumstances to authorize it did not exist. But this would deprive the statute of all effect. When the Commissioner, acting for the state, has made a sale of land to one person, another cannot in any case buy the same land while such sale is allowed by the state to stand, unless by showing that it was or has become null and void, leaving the land subject to purchase and sale, as if it had never occurred. Nobles v. Cattle Co., 69 Tex. 434, 9 S. W. 448. Such a claimant can never have a sale disregarded upon any other theory; and the contention that the act does not apply to such cases would strip it of all its force and defeat its purpose. The statute removes all questions which can thus be raised as to sales which have stood for a year without being attacked by suit. Acts Reg. Sess. 1905, p. 35, c. 29; Murphy v. Terrell, opinion delivered March 6, 1907 [100 Tex. 397], 100 S. W. 130. By the provisions of the second section, the presumption is made conclusive that all requirements with reference to sale have been complied with. Mrs. Swan, by the reinstatement of the original contract of sale, was put in the attitude of a purchaser from the state. A contract of purchase and sale was thereby made between her and the state as fully as if she

had been the original purchaser. It is now too late for relator to attack that contract."

The case of Erp v. Tillman, 103 Tex. 574, 131 S. W. 1060, was one in which school land had been sold to Chambers, who sold to Schmitz; and under foreclosure proceedings the Chambers-Schmitz title passed to Tillman. This sale was canceled and the land awarded to Erp on April 5, 1905, who conveyed same to his wife. On June 1, 1906, the Erps sued Tillman for the land in trespass to try title. August 13, 1906, Tillman answered, setting up a cross-action to recover the land, as well as defensive matter. On February 3, 1909, Tillman made application to buy the land, which was rejected because of the sale to Erp. Tillman then amended his pleading, and pleaded not guilty, and also a plea in reconvention, alleging title in himself and ouster by plaintiff on June 1, 1906.

No contention was made upon the trial that the cancellation of the Chambers-Schmitz sale was wrongful, or that through it Tillman had any title. The only question was the sufficiency of the sale to plaintiff to defeat the subsequent effort of Tillman to buy and to constitute a title upon which to base a recovery in trespass to try title. In discussing the statute now under consideration, the court used the following language: "It is plain that if a year had elapsed before plaintiff brought this action, and he had pleaded the statute, the validity of the award under which he claims would not have been open to attack, but, under the terms of the statute, would have been conclusive evidence that all requirements of law had been complied with. Wyerts v. Terrell, 100 Tex. 410, 100 S. W. 133; Murphy v. Terrell, 100 Tex. 399, 100 S. W. 130. Counsel for defendant in error combat this proposition, which was asserted by the Court of Civil Appeals, contending that, as plaintiff must recover on the strength of his title, and his own evidence discloses defects which vitiate the award, advantage may be taken of them by the defendant. The answer is that the award and its recognition by the officers of the state for a year constituted title sufficient for such a controversy, and to those facts the statute gives conclusive effect as evidence of title, precluding inquiry as to antecedent defects."

And further on the court says: "But we do not agree that the act of 1905 is a statute of limitation only for the benefit of a party to a suit, to be pleaded or waived as he may choose. It may properly be called a statute of limitation; but it is more than that. In addition to fixing a time for suit, it contains both a rule of substantive law and a rule of evidence which the courts must take notice of and be guided by in the decision of such causes. It ought not to be forgotten, though it often is, that the interests of the two contestants over school land which has been sold to one of them are not the only ones involved. The state has an interest in the maintenance of sales made for the benefit of its school fund; and it was largely to give such protection that this statute was passed. It had been common for sales which had stood for years to be treated as naught and the relations and accounts between the state and its purchasers disturbed by other applicants showing some failure to comply with the law in the making of the sales. It was not so much to protect purchasers who had not complied with the law as it was to prevent such interferences with sales, and to reserve to the state the election to abide by or repudiate them, that this statute was adopted. A year was deemed sufficient time in which to allow awards to be put to the tests previously applied at the instance of intending purchasers and lessees, and after which only the state could interfere. This seems to make it sufficiently evident that this is not an ordinary statute of limitation. The award in such a contest as this constitutes the title of the purchaser, which may be produced in evidence without special pleading; and when it is produced and shown to have stood for a year, this statute, of which the court must take notice, makes it conclusive evidence of a sale valid against every one but the state. * * * We assume, for the purposes of this case, that inquiry can be made within the year into the regularity and validity of such awards by any defendant in trespass to try title, in order to test their sufficiency as title, to enable the plaintiff to recover. There is a question whether or not, since the enactment of the act of 1905, they can be attacked at all, except by the state or persons who have authority, received from the state through proper applications, to purchase or lease, and actions brought within the year; in other words, whether or not awards by the officers intrusted by the state with authority to make sales are open to question at all, except by those specified in the statute. The question has not been referred to in the arguments and there is no necessity to decide it at present." 103 Tex. 583, 131 S. W. 1061.

In the case of Campbell v. Enochs, 107 S. W. 878, Judge Neill held that the statute in question was not applicable, where a subsequent applicant sued on the ground that the purchaser had not complied with the law in regard to his occupancy after his purchase.

In the case of Williams v. Keith, 111 S. W. 1056, the Third Court of Civil Appeals, on motion for rehearing, holds the reverse, for the reason that the Supreme Court had held, in Adams v. Terrell, 101 Tex. 331, 107 S. W. 537, that cancellation for non-occupancy did not take place, unless and until the Commissioner made his indorsement to that effect on the application in the same

manner as in canceling for nonpayment of interest.

The case of Slaughter v. Terrell, 100 Tex. 600, 102 S. W. 400, is one in which the person whose purchase was canceled sought to set aside such cancellation, on the ground that he had held the land under his purchase for more than a year without any suit being brought against him; and the Supreme Court held that the act of the Legislature now under consideration was not applicable to that kind of a case. In discussing the matter, the court says: "In order to ascertain what the Legislature intended by the enactment of this law, we must consider the evil that existed, and determine what the remedy was to be. Under the law as it previously existed, purchasers of school lands were liable to have their titles attacked by third persons who desired to purchase the land; and such persons might call in question the qualification of the purchaser, as well as the performance of conditions prescribed by law, for example, that when the purchase was made the purchaser did not actually reside upon the land, or that he did not intend to make it his home, and thus, although the state recognized his right, the purchaser was constantly exposed to such attacks. This rendered such titles uncertain; and to remedy that evil the Legislature enacted the law now under consideration, which requires that any person who desires to purchase land theretofore purchased by another shall bring his suit to set aside the former purchase within 12 months of the award of it, or he will be barred."

In the same case, the court also uses the following expression: "The indorsement 'Land forfeited' on relator's obligation being authorized, his relation of purchaser from the state was terminated. If wrongfully done, he might have his redress in a proceeding in court."

In the case of King v. Robison, 103 Tex. 390, 128 S. W. 369, the Supreme Court held that the statute now under consideration protected a lease from attack after one year, even though the same would have been declared void, if suit had been brought in time.

In the case of Davis v. Yates, 133 S. W. 282, decided by this court, the facts briefly stated were as follows: Yates was the original purchaser. His purchase was canceled for nonpayment of interest. On December 5, 1904, the land was awarded to Neyman. Mrs. Davis purchased the land from Neyman; but, prior to such purchase, Yates made application for reinstatement, attacking Neyman's rights by affidavits showing nonsettlement and failure by Neyman to occupy the land. The Commissioner, on May 26, 1908, refused to cancel Neyman's purchase, refused to reinstate the Yates purchase, and accepted Mrs. Davis as purchaser, opening an account with her. On June 6, 1908, Yates filed suit against Mrs. Davis and husband. September 19, 1908, the Commissioner canceled the Neyman purchase and reinstated Yates. The court held that Mrs. Davis had no recognized right to be protected by the statute of limitation after the cancellation of her purchase. In discussing the matter, the following language is used: "In Murphy v. Terrell, 100 Tex. 399, 100 S. W. 131, the court says: 'It will be noted that the express terms of the act apply only in cases in which persons claim the right to purchase or lease land which has already been sold or leased to others. See, also, Campbell v. Enochs, 107 S. W. 878.' The statute might have applied to defendants, had they seen fit to bring suit against Yates, and had delayed more than a year. And it might have applied in favor of defendants, had Yates not been reinstated, and had delayed more than a year in filing his action. Under the circumstances of this case, we conclude that the statute was not applicable." The court also says: "Had there been no reconsideration by the Commissioner, and his first action had stood, Yates, upon the facts we have before us, could have, in due time, brought an action to substantiate his right to the land notwithstanding."

The case of Hanna v. Atchison, 141 S. W. 191, decided by the Second Court of Civil Appeals, was one in which the sale to plaintiff Hanna was canceled for not filing affidavit of settlement, and land subsequently awarded to B. Armstrong, under whom the defendant, Atchison, holds. The court held the cancellation to have been without authority of law, and decided that the defendant's plea of limitation under the statute now under consideration could not be asserted, because the plaintiff had, before the expiration of one year after the award to Armstrong, filed a mandamus proceeding in the Supreme Court, which was a sufficient suit to stop the running of the statute, and the dismissal of which had been fraudulently procured by the filing by defendants of an answer, alleging collusion between Hanna and another, when in fact the evidence showed no collusion.

It will be noticed that, while the last case assumes that the statute of limitation applies to a case practically the same as this case, yet the question now raised was not presented, viz.: Is a person claiming the right to be reinstated included within the class of persons defined by the phrase, "persons claiming the right to purchase"?

It will be seen by the quotations from the decisions mentioned that the law in question was designed for the purpose of quieting the titles to school lands. No reason is apparent why a suit to show that a cancellation was wrongful, and thus reinstate a purchase, should not be brought within the same time as a suit to show an illegal purchase in the first instance. Suppose the statute

of limitation of one year does not apply in this case. Then, if plaintiff had brought no suit but had after three years made her proof of occupancy and paid out the lands, she could have procured patents for all, even the home section occupied during all that time by Paschal. But Paschal would, during all of that time, have been in possession of one section of land, and tendering payments to the state. The matter would have been left in great uncertainty; and certainly it would be equally as deplorable a situation as when a person has filed an application for land previously awarded to another, and is claiming the right to buy an account of some matter rendering the other sale illegal. It occurs to us the Legislature could not have intended to remedy the one evil and not the other. Bearing in mind the purpose of the law, let us take the language of the act and consider it. The statute applies to any person claiming the right to purchase. When a person makes his application, he is claiming the right to purchase. When the land is awarded to him, he knows that he has acquired no indefeasible title, but that such evidence of purchase has been bestowed upon him, subject to the provisions of the law, and that upon the ipse dixit of the Commissioner of the Land Office he may be deprived of his standing as a purchaser.

Whether such decree of the Commissioner in canceling his purchase be with or without authority of law is immaterial, so far as the steps to be taken by him are concerned. His evidence of purchase is wiped out, and he must again procure the Commissioner to permit him to purchase the land, or he must go into the courts and obtain a judgment against the other claimant, which will induce the Commissioner to again let him be a purchaser of the land; and, should the Commissioner still refuse to do so, then he must resort to a mandamus proceeding, by which the Commissioner shall be commanded and required to let him purchase the land. He cannot acquire final title to the land, except through the land office in the manner prescribed by law. During all the time from his first application to purchase until his patent is issued to him, he can be deprived by the Commissioner of his status as a purchaser, and be required to institute legal proceedings to regain the same. The Supreme Court has held that when his purchase is canceled he is no longer a purchaser. If no longer a purchaser, but still asserting rights, then does he not fall within the broad class of those who are claiming the right to purchase? To say that he is claming the right to be reinstated as a purchaser means that he is claiming the right to purchase. To say that he has never lost his status as a purchaser, because the act of the Commissioner was without authority of law, is to contradict the holding of the Supreme Court that he is no longer a purchaser, and to contradict the apparent meaning of our school land laws, which contemplate that there shall be only one purchaser at a time, and which always refer to the person holding the award as being the purchaser. It appears to us that the laws under which such purchases are made put all persons upon notice that the purchaser, within the meaning of said law, is the one who holds an uncanceled award for the land; and that any one wanting to be a purchaser must take the necessary steps to procure such an award. If he claims that he is entitled to such an award by reason of a prior purchaser having failed to comply with the law, or by reason of the Commissioner having wrongfully deprived him of his award, in either instance, he is a person claiming the right to purchase school land.

We are of the opinion that the act in question was intended to bar a proceeding to procure reinstatement, unless brought within a year from the award to another person, and that the language used is broad enough to include such cases. The assignments of error will therefore be overruled, and the judgment affirmed.

Judgment affirmed.