SCHAUER v. SCHAUER.  (No. 5177.)

(Court of Civil Appeals of Texas.  Austin.
March 8, 1916.  Rehearing Denied
April 19, 1916.)

1. PUBLIC LANDS ⟨⟨⟩⟩173(21) — LANDS OF
STATE—FORFEITURE—CONFLICTING CLAIMS—
EVIDENCE—STATUTE.

In trespass to try title by a party to whom
the Commissioner of the General Land Office
sold the land in suit after declaring forfeiture
against the original buyer, the suit being against
the purchaser from the original buyer, defendant
had the right to prove facts showing that the
alleged forfeiture of the original buyer's title
was illegal and void, since if the purchase was
not subject to forfeiture the second buyer from
the land commissioner acquired no rights, while
if the forfeiture was legal, Rev. St. 1911, arts.
5458, 5459, limiting the time within which per-
sons claiming the right to purchase free school
lands may sue therefor to one year, cut off de-
fendant's right to attack plaintiff's purchase.

[Ed. Note.—For other cases, see Public Lands,
Cent. Dig. § 549; Dec. Dig. ⟨⟨⟩⟩173(21).]

2. PUBLIC LANDS ⟨⟨⟩⟩173(21) .— LANDS OF
STATE—SUBSTITUTION OF BUYER — FORFEI-
TURE.

The failure of a substitute purchaser of pub-
lic free school lands to deposit with the proper
officer his obligation to pay the purchase money
in lieu of the obligation of his vendor, as re-
quired by statute, does not operate ipso facto
as a forfeiture of the title.

[Ed. Note.—For other cases, see Public Lands,
Cent. Dig. § 549; Dec. Dig. ⟨⟨⟩⟩173(21).]

Appeal from District Court, Crockett Coun-
ty; J. W. Timmins, Judge.

Suit by Charles Schauer against Otto
Schauer.  From a judgment for plaintiff, de-
fendant appeals.  Reversed and remanded.

Ed. J. Hamner, of Sweetwater, for appel-
lant.  Cornell & Wardlow, of Sonora, for ap-
pellee.

KEY, C. J.  Charles Schauer brought this
suit in form of trespass to try title against
Otto Schauer, the land involved being sev-
eral sections of state school land.  The proof
shows prima facie that on April 19, 1901, the
lands in question were awarded and sold to
Clarence Rotsman by the Commissioner of
the General Land Office, and that Rotsman
complied with the provisions of the statute
regulating the sale of such lands until May
5, 1902, when he and his wife conveyed all
of the land to Otto Schauer.  The plaintiff
introduced testimony showing that on the
28th day of January, 1910, the Commissioner
of the General Land Office indorsed in red
ink, upon the face of the account between the
state and Rotsman, these words, "Forfeited.
1—28—10"; and also indorsed in red ink
across the face of each of the obligations
held by the state against Clarence Rotsman
for the purchase of the lands, these words:
"Land forfeited for collusion and failure to
occupy.  J. T. Robinson, Com'r.  1/28/1910.
Dibrell."  The plaintiff further showed that
thereafter the Commissioner of the Land Of-
fice took the necessary steps to reclassify the

lands, and on February 15, 1910, awarded
and sold them to the plaintiff, Charles Schau-
er, who has complied with all the provisions
of the statute regulating the sale of such
lands, unless it be that he was not an actual
settler, as required by law.  It was shown
that thereafter, and on March 24, 1905, Otto
Schauer made application in proper form,
and in all respects in compliance with the
statute regulating the sale of such lands, to
purchase the lands in question, which appli-
cation was rejected by the Commissioner of
the General Land Office April 3, 1905.  It
was shown that all of the first payments re-
quired by law on all of the applications in-
troduced in evidence were made by the re-
spective parties at the time and in compli-
ance with the law, and that all interest pay-
ments required by law were made by the
respective parties at the time and in compli-
ance with law, and that all additional lands
are within the five-mile radius of the respec-
tive home sections.  Upon an instructed ver-
dict, the court below rendered judgment for
the plaintiff for the lands in question, and
the defendant has appealed.  Appellant has
brought no suit to recover the land from ap-
pellee, and this suit was brought more than
one year after appellee's purchase.

Only three assignments of error are pre-
sented in appellant's brief, and these com-
plain of rulings of the trial court:  (1) In
not permitting appellant to introduce testi-
mony tending to show that at the time he
purchased the land Clarence Rotsman was
an actual bona fide settler on the one desig-
nated as his home section, that he had not
acted in collusion with any one else, and
that the reason assigned by the Commission-
er of the Land Office for attempting to can-
cel his purchase did not in fact exist;  (2)
that at the time appellee attempted to pur-
chase the land he was not an actual, bona
fide settler upon the same, and did not be-
come such within the time prescribed by law,
nor had he continued to reside upon, occupy,
and improve the same; and (3) that on May
5, 1902, when appellant purchased the land
from Rotsman, the former became an actual,
bona fide settler upon his home section, and
had continued to reside upon, occupy, and
improve the same as a home.  The action of
the trial court in excluding the testimony re-
ferred to seems to be sustained by the deci-
sion of the Court of Civil Appeals of the
Fourth District, in Nations v. Miller, 146 S.
W. 261, in which it was held, upon a similar
state of facts, that a prior purchaser from
the state, who had not brought suit within
twelve months after the date of the subse-
quent purchase, could not assail the validity
of the latter purchase by showing that the
facts did not authorize the Commissioner of
the Land Office to cancel the former pur-
chase.  That ruling involved a construction

⟨⟨⟩⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of articles 5458 and 5459 of the Revised Statutes of 1911, which articles read as follows:

"Art. 5458. All persons claiming the right to purchase or lease any public free school lands, or any lands belonging to the state university, or either of the state asylums, which have been heretofore, or which may be hereafter, sold or leased to any other person under any provision of the law authorizing the sale or lease of any of said lands, shall bring his suit therefor within one year after the date of the award of such sale or lease, and not thereafter.

"Art. 5459. If no suit has been instituted by any person claiming the right to purchase or lease any of said land within the period of time limited in the foregoing article, it shall be conclusive evidence that all the requirements of the law with reference to the sale or lease of such lands have been complied with; provided that nothing in this and the preceding article shall be construed to affect the state of Texas in any action or proceeding that may be brought by it in respect to any of said lands."

That case was carried to the Supreme Court, and was decided by that court only a few days ago (183 S. W. 153). That court overruled the decision of the Court of Civil Appeals, and we quote as follows from the opinion of that court:

"If there was, in fact, no warrant for the forfeiture of the sale of the land to Paschal, and the forfeiture was therefore illegal, leaving, as a necessary result, his right to the land unaffected by it, was his defense to this action by the Millers concluded under the act of 1905 because of a failure to himself bring a suit for the land within a year from the date of the subsequent award to Mrs. Miller? We do not think so. The act was intended to apply, and in terms clearly does apply, to persons 'claiming the right to purchase or lease any public free school land,' etc. It does not purport to deal with one, much less bar his rights, who is not claiming any right to purchase as against an adverse claimant or award, but whose right to the land, if he has any claim to it, is unaffected by another award and is that of an established lawful purchaser, already invested with his interest in virtue of a prior valid sale, originally binding upon the state and still subsisting in full force under the law."

[1] Hence we conclude that the trial court committed error in holding that appellant had no right to prove facts which would show that the alleged forfeiture of the Rotsman title was illegal and void. If the facts were as appellant offered to show, then the Rotsman purchase was not subject to forfeiture by the Commissioner of the Land Office, and appellee acquired no right when he attempted to purchase the land, and when the Commissioner of the Land Office attempted to award it to him. If the Rotsman purchase was legally canceled, then the statute construed in Nations v. Miller, supra, will apply, and cut off appellant's right to assail appellee's purchase.

[2] Counsel for appellee present the contention that, regardless of the construction that may be placed upon articles 5458 and 5459, the judgment in this case should be affirmed (1) because it was not shown that appellee had become a substitute purchaser of the land by depositing with the proper officer his obligation to pay the purchase money in lieu of the obligation of his vendor Rotsman, as required by statute; and (2) because it affirmatively appears that in purchasing the land from Rotsman appellant acted in collusion with Chas. Schauer, Sr. As to the first point referred to, we hold that the failure to file substitute obligations, as required by the statute, does not operate, ipso facto, as a forfeiture of the title. As to the second point, the statement of facts does not show by uncontroverted testimony that appellant was acting in collision with any one in purchasing the land from Rotsman. The bill of exception referred to by counsel for appellee states, in one or two paragraphs, that, if the court had permitted appellant to do so, he would have proved that he was not acting in collusion; but it also contains the statement that, if such proof had been admitted, the appellee would have shown that, in a former trial of another suit, appellant testified that he was acting in conclusion with Charles Schauer, Sr., in the purchase of the land. It has been held by the Supreme Court that it is not permissible on appeal for an appellate court to dispose of a case upon the assumption that, if testimony wrongfully excluded had been admitted, the party appealing would have been entitled to recover, and therefore the appellate court should render such judgment. Besides, it does not affirmatively appear from the record that, if the court had admitted the testimony which was excluded, the undisputed proof would have shown that appellant was acting in collusion when he bought the land, because the bill of exception states that the excluded testimony would have shown that he was not so acting.

On account of the error of the trial court as pointed out above, the judgment is reversed, and the cause remanded.

Reversed and remanded.