## MARCH, 1925.

GILBERT HERNDON v. J. T. ROBISON COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 4061.     Decided March 24, 1925.

(270 S. W., 159).

1.—Public Land—Sale—Forfeiture—Reinstatement—Limitation.

The right of a purchaser of public land seeking reinstatement after forfeiture (Rev. Stats., art. 5423) provided no rights of third persons have intervened, to attack the validity of a subsequent resale to another, recognized by the land office as in good standing and barring his reinstatement, is lost by

his failure to bring suit for that purpose within one year from the date of award of the land to such adverse claimant as a purchaser. Rev. Stats. arts. 5458, 5459; Act of March, 1921, Laws 37th Leg., ch. 57, p. 120. (Pp. 447-449).

**2.—Same—Ruling Limited.**

The ruling here made is limited as not applying to an attack on a sale of public land by one not claiming under the State; nor by a claimant of prior right as purchaser which has been illegally forfeited; nor to attack on a claim of right as a purchaser which was not recognized by the State during the period allowed for contesting it. No ruling as to such cases is involved. (P. 450).

Petition by Herndon to the Supreme Court for writ of mandamus against Robison as Commissioner of the General Land Office,—with whom W. C. Wooton was joined as co-respondent.

The Supreme Court having referred the application to the Commission of Appeals, Section B, for its opinion thereon, here adopts same and as recommended refuses to grant the writ.

*Capps, Cantey, Hanger & Short,* and *Mark McMahon,* for relator. No briefs reached the Reporter.

*W. A. Gillenwater* and *G. B. Smedley, for* respondent Wooton, cited: 17 R. C. L., 665-667, 676, 677, 685; 1 Wood on Limitation, 7-9, 55-58, 306, 307; McCunny v. Silliman, U. S., 7 L. Ed., 676; Campbell v. Haverille, U. S., 39 L. Ed., 283; Mitchell v. Thomas, 172 S. W., 715; Ranier v. Durrill, 156 S. W., 589; Erp v. Williams, 131 S. W., 1057; Pruett v. Robison, 192 S. W., 537. Distinguished: Nation v. Miller, 183 S. W., 153; Whittaker v. McCarty, 221 S. W., 945.

*W. A. Keeling,* Attorney-General, and *Weaver Moore,* Assistant, for respondent Robison.

MR. JUDGE STAYTON delivered the opinion of the Commission of Appeals, Section B.

Gilbert Herndon sues for a writ of mandamus to cancel a sale of some school land and to compel the Commissioner to reinstate him as purchaser. His claim, he admits, has been forfeited on account of non-payment of interest. After the forfeiture and more than a year before the filing of his suit, the tract, having been again placed upon the market, was sold and awarded to respondent Wooten, but the proceedings precedent were illegal and the award was therefore invalid, as was pointed out in the similar case of Weaver v. Robison, 114 Tex., 272, 268 S. W., 133. The sale had, however, up to the time of this petition, been recognized by the Commissioner as in force, and is still being defended by him.

The forfeitee relies upon the point of invalidity and upon the statute that gives a right of reinstatement in cases of forfeiture. The new purchaser and the Commissioner depend upon the tardiness and the consequent futility of this suit in view of the provisions of two acts of the Legislature which will be explained presently.

Purchasers may have a forfeited claim of this kind reinstated "on their written request by paying into the treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third persons may have intervened"; and in that case the original obligations and penalties become as binding as before. R. S. Art. 5423.

This is the statute under which the forfeitee claims, but he does not show that he has ever complied with it nor that he is now able to do so. Decision of whether he thus fails to state a cause for mandamus is obviated, however, by the fact that the defense of his opponents under the two acts already referred to, controls the case and operates to deny him the relief that he prays.

By one of these acts "all persons claiming the right to purchase or lease" any school lands which have been sold or leased "to any other person under any provision of the law authorizing the sale or lease of such lands shall bring * * * suit therefor within one year after the date of the award of such sale or lease and not thereafter"; and if no suit is brought within that time "it shall be conclusive evidence that all the requirements of the law with reference to the sale or lease of such lands have been complied with", except as against the State. R. S. Arts. 5458, 5459.

Soon after their enactment these provisions were held to apply to mandamus suits and not only to technical purchasers but also to any one in the attitude of a purchaser, such as a person attacking the validity of the award of a home section which, though not sought to be acquired, was the basis of title to tracts that were the subject of litigation between him and a rival claimant, and such as a person seeking reinstatement after forfeiture (as here) under the statute which has already been cited. Murphy v. Terrell, 100 Texas, 397, 100 S. W., 130; Wyerts v. Terrell, 100 Texas, 409, 100 S. W., 133. It has been said that all persons who are claiming school land under the State are within the contemplation of these articles. Erp v. Tillman, 103 Texas, 580, 131 S. W., 157; Erp v. Robison, 106 Texas, 146, 155 S. W., 180; Pruett v. Robison, 108 Texas, 283, 192 S. W., 537. And by the last three cases it has been settled that the act furnishes not only a rule of limitation but, in the interest of the State and to the advantage of individuals, a substantive rule of repose, which, after the elapse of the year, vests, as against all such claimants, a conclusive right in the defending purchaser.

This being the law, the forfeitee in the present case has no standing. He cannot attack the award of his opponent because he is barred by his delay and he cannot be reinstated, if for no other reason, because before he has taken any step in his own behalf, his opponent's right has come in and ripened; whereas the statute that gives the privilege of reinstatement only does so, as previously noted, when "no rights of third persons may have intervened".

The same result is reached by a second and cumulative law, which became effective prior to the forfeiture in this case and provides, among other things, that no sale "made without condition of settlement shall be questioned by the State nor any person after one year from the date of such sale"; except in one instance. Ch. 57 Acts Reg. Sess., 1921. The exception is not shown to apply in this case and it must accordingly be assumed that it does not do so. Houston Tap & B. R. Co. v. Randolph, 24 Texas, 329; Harvey v. Cummings, 68 Texas, 607, 5 S. W., 513; Ransome v. Bearden, 50 Texas, 119; Childress v. Grim, 57 Texas, 56.

This act broadens the policy of the other, enlarging by the words "questioned" and "State" the prohibited method and source of review. Some explanation of the reason of the development will most likely be found in the history of previous litigation where a claimant avoided the attack of another claimant only to succumb afterwards to adverse ruling by the Commissioner on behalf of the State and to consequent but indirect success by his opponent through the State.

The act clearly includes the present suit which involves a sale made without condition of settlement, because, since no claimant nor the State may now question that sale, its standing is protected by a right that, inasmuch as it has intervened completely, is a bar to all the relief that is prayed. A sale that has become unquestionable is, to use other words, conclusive.

In consultation the point was raised as to whether the statutes that have been discussed apply to an award which was, as here, originally illegal for disobedience of statutory proceedings precedent; whether such an award can ever be the basis of a right. Associate Justice Williams for the Supreme Court anticipated and responded to this suggestion, with regard to the first act, in Wyerts v. Terrell, 100 Texas, 409, 100 S. W., 133. He held that since a rival claimant may succeed alone by proving that the sale which he attacks is void and thus eliminating it, the statute either applies to such a case or has no purpose or effect. And in King v. Robison, 103 Texas, 392, 128 S. W., 368, he added that the enactment was designed to meet objections of that nature which could have been, but were not, timely made. The court gave that effect to the statute in that case as it necessarily did, also, in Erp v. Tillman, 103 Texas, 580, 131 S. W., 1057, and

114 Tex. Sup.—29.

Pruett v. Robison, 108 Texas, 283, 192 S. W., 137. What was thus decided applies with even greater force to the Act of 1921 in a case such as the one at bar.

This case does not involve the right of a person not claiming under the State; nor that of one who claims by prior right under the State but whose claim has been illegally forfeited; and it does not involve a defense by one not recognized by the State as a claimant through the period for contest; nor in behalf of one presenting an excuse or exception, if any there may be, from the operation of the statutes by which it is ruled; and nothing is here expressed or intimated upon those or similar situations.

In the opinion of this court the petition for mandamus should be denied.

Opinion of Commission of Appeals is adopted and mandamus is denied.

*Thos. B. Greenwood,* Associate Justice.
*William Pierson,* Associate Justice.