## LOVETT v. SIMMONS et al.
### No. 1202—5555.

Commission of Appeals of Texas, Section B.
June 25, 1930.

John B. Howard, of El Paso, Hill D. Hudson, of Pecos, and Brasted & Griffin, of Fort Worth, for plaintiff in error.

A. J. Clendenen, T. F. Morton, and James & Conner, all of Fort Worth, Y. P. Broome and W. P. McGinnis, both of Tulsa, Okl., and Scott, Brelsford, McCarty & Brelsford, of Eastland, for defendants in error.

LEDDY, J.

This was a suit of trespass to try title brought by J. C. Lovett against J. A. Simmons, and others holding under him, to recover the title to section 36, block 26, public school land in Winkler county.

The land involved was awarded to Lovett without condition of settlement on December 16, 1913, he executing to the state his obligation therefor on the deferred payment plan. In May, 1924, Lovett was in default of the payment of interest on his obligation in the amount of four annual payments for the sum of $74.88 each, aggregating $299.52, and at that time the commissioner of the general land office mailed a statement to him in which he was notified that, unless one year's interest of $74.88 was paid by August 1, his sale would be forfeited and the land put on

the market September 1, 1924. No payment having been made by Lovett on August 20, 1924, the commissioner declared a forfeiture for nonpayment of interest, and indorsed on the wrapper containing the papers pertaining to the sale the words "Land forfeited August 20, 1924," and made a similar entry on Lovett's account.

On September 2, 1924, J. A. Simmons filed in the General land office his application to purchase this land. On September 10, Lovett wrote the following letter to the commissioner of the land office:

"Find enclosed exchange for $74.88 as int. on Section 36, block 26, Winkler County. If it's possible to redeem this I'd be glad to have you do so, as I received no notice of it forfeiting until the county clerk received notice. I thought it was due November 1. If this won't redeem the land, please write me just what may be done to redeem it."

The commissioner made no reply to this letter other than to direct the return of the $74.88 with the information that the land involved had been sold to another.

On October 3, 1924, the land was awarded to Simmons under his application filed on September 2, and subsequently he paid the balance due on the land, and patent covering the same was issued and delivered to him.

The sale to Simmons, under the decision of our Supreme Court in Weaver v. Robinson, 114 Tex. 272, 268 S. W. 133, was void because the land involved was advertised for sale prior to the forfeiture of Lovett's previous purchase and not afterwards.

Simmons, and those claiming under him, contend that, while the award made to him by the commissioner of October 3, 1924, was void under the decision of the Supreme Court in Weaver v. Robinson, supra, such sale was validated by article 5311b, known as the Validating Act, which was passed three months after the decision in Weaver v. Robinson was handed down, and they also contend that if for any reason the provisions of the Validating Act should not be held applicable to the sale to Simmons, his title was perfected under the provisions of chapter 57, Acts of 1921, subdivision 4 of article 5329, R. S. 1925, which provides that sales made without condition of settlement shall not be questioned by the state or any person after one year from the date of such sale.

It is only necessary to consider one of the contentions made by Lovett, which is that under article 5326, known as the Relief Act enacted by the Legislature in March, 1925, effective on June 19, 1925 (Acts 1925, c. 94), it was the duty of the commissioner to transmit a list of land which had been forfeited and not resold, which included the land in controversy, to the county clerk of Winkler county, and that Lovett, as owner of the land at the time of the forfeiture, was given a preferential right, within ninety days after such land had been revalued by the commissioner, to repurchase the same. That such duty having never been performed, he was thereby deprived of the right conferred upon him by the Legislature, hence the act of the commissioner in issuing an award and later a patent to Simmons was wholly void.

Simmons and his vendees answer this contention by asserting that the Relief Act was not applicable to the land in controversy for the reason that at the time of the passage thereof it was not "land remaining unsold" within the purview of said act.

The record shows that Lovett took other steps in his effort to reinstate his purchase, but we deem it unnecessary, in view of the disposition we have made of the case, to further detail the facts in reference thereto.

It must be conceded that both the Relief and Validating Acts are statutes designed to relieve from the rigors of forfeiture, hence they must be construed with the utmost liberality in favor of the owner of the land at the time of forfeiture. Cruzan v. Walker, Land Commissioner (Tex. Sup.) 26 S.W.(2d) 908; Anderson v. Neighbors, 94 Tex. 240, 59 S. W. 543; Mound Oil Co. v. Terrell, 99 Tex. 629, 92 S. W. 451; Oden v. Gates (Tex. Com. App.) 24 S.W.(2d) 381.

If, at the time the Legislature passed the Validating Act, there had been incorporated therein the provisions of the Relief Act, we think no reasonable doubt could have existed as to the intention of the law-making body to have accorded Lovett the dual privilege of reinstatement, or the right of purchase at the reappraisal value. It is our duty to construe these acts, passed at the same session of the Legislature, covering the same subject-matter, as one act, and to give effect to both, if they be fairly susceptible of such construction. Southern Pacific Co. v. Sorey, 104 Tex. 476, 140 S. W. 334; McGrady v. Terrell, 98 Tex. 427, 84 S. W. 641.

In determining what the Legislature meant by the expression "lands remaining unsold," great weight must be given to the fact that the Supreme Court of this state, some three months previous to the date of the passage of the Relief Act, had declared absolutely void sales under advertisement made prior to date of forfeiture, as was the case of the award to Simmons. In other words, the Legislature possessed full knowledge at that time of the judicial determinations by the court of last resort in this state that in such cases no sales had in fact been made by the land commissioner, as a void sale in the very nature of things is no sale. The legislative body, therefore, knew that sales of this character were wholly ineffective to confer any rights whatever on the purchasers, and that lands so attempted to be sold had again become a part of the public domain, and that the commis-

sioner of the land office was subject to the same legislative direction in regard to such lands as he was with reference to any other public lands.

Notwithstanding the void sale to Simmons, the land in question was "land remaining unsold" within the contemplation of the Relief Act. It was the duty of the land commissioner to have included such land in the list of forfeited lands transmitted to the county clerk of Winkler county, and Lovett, under the terms of said act, had a preferential right to repurchase the same under the reappraisal value fixed by the commissioner provided such right should be exercised within the time allowed by said law.

No sound reason can be advanced why the Legislature should confer the valuable privilege of repurchasing land forfeited for nonpayment of interest under a reappraisal value in cases where no attempt had been made by the land commissioner to resell the same, and at the same time deny other owners of land, forfeited under similar circumstances, the privilege of repurchase simply because the land commissioner had exceeded his authority in attempting to make a sale which he, in fact, had no power under the law to consummate. The same distressing financial conditions existing in the portion of the state where this land was located which inspired the reinstatement provision in the Validating Act was also the inspiration of the repurchase privilege contained in the Relief Act, and the owners of forfeited land which the commissioner had attempted to resell and the owners of such lands where no such sales were made were equally affected by the existing adverse conditions, and one was as much entitled to the legislative favor as the other.

If the validity of the sale to Simmons had not been adjudicated at the time the Legislature enacted the Relief Act, there would be much force in the contention that the Legislature intended by the expression "lands remaining unsold" to exclude sales of the character made to Simmons, as it might be reasonably contended that the legislative body, in the absence of a judicial decision to the contrary, might have labored under the mistaken belief that all of such sales were valid. But no such situation was presented. At the time this measure was passed the Legislature had full knowledge that the sales to Simmons and others similarly situated were wholly void. We therefore conclude it was contemplated that the Relief Act was to be cumulative of the remedy given owners of forfeited land under the Validating Act, and this regardless of whether the commissioner had illegally attempted to award such land to another. Under these two acts such owners were afforded the privilege of reinstatement or of repurchase, as they might elect.

Much stress is laid on the fact that our Supreme Court, in the case of Herndon v. Robinson, 114 Tex. 446, 270 S. W. 159, held that the one-year limitation statute applied to invalid sales of the same character as that made to Simmons. It must be remembered the court in that case had under consideration an altogether different character of statute from the one now before us. If the limitation statute was not so construed as to apply in the case of invalid sales, then it was wholly meaningless, and its enactment could serve no useful purpose whatever, as valid sales did not need the statute of limitations to perfect them.

The judgment in favor of defendants in error cannot be sustained under the one-year statute of limitation for the obvious reason that their title had not ripened under this statute at the time the Relief Act became effective on June 19, 1925. Such act operated to stop the running of the one-year statute of limitation, otherwise the privilege of repurchase attempted to be conferred thereby would have been defeated before the expiration of the time within which the owner of the forfeited land was given the right to repurchase. It not being claimed that sufficient time has elapsed under any other statute of limitation than the one-year statute, to perfect defendants in error's title plaintiff in error's cause of action is not barred by the statute of limitation.

Under the undisputed facts plaintiff in error has shown a vested right to the land involved superior to that held by the defendants in error, as he has been denied the privilege of repurchase conferred upon him by the Legislature under the provisions of the Relief Act.

We therefore recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and that judgment be rendered in favor of plaintiff in error, adjudicating that he has the privilege of repurchasing this land on compliance by the commissioner of the land office with the provisions of the Relief Act, and that, upon repurchasing the same in compliance with the terms of said act, the award and patent issued to Simmons and all conveyances made thereunder are void and of no further force and effect.

CURETON, C. J.

Judgments of the District Court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.