COMMERCIAL STANDARD INSURANCE COMPANY v. DAN MOODY, ATTORNEY-GENERAL.

No. 4299.   Decided April 8, 1925.

(270 S. W., 1011).

**1.—Insurance—Surety and Liability—Capital Stock.**

Article 4956, Revised Statutes, requiring companies with power to do fidelity and surety or liability insurance business to have a paid up capital stock of not less than $200,000, applies to and prohibits a company incorporated under article 4705, with the powers granted by article 4862 as amended (Act of April 2, 1913, Laws, 23d Leg., ch. 108, sec. 1, p. 209) and having only $100,000 of capital stock from filing an amendment to its charter authorizing it to insure also against liability for accidental injuries to the property of another.   (Pp. 458-460).

**2.—Same—Statutory Construction.**

The words "no such company * * * having the power to do * * * a liability insurance business" in article 4956, Revised Statutes, are construed to mean no insurance company having such power, and not to be limited to companies incorporated in the manner prescribed for life insurance companies and having such powers.   (P. 460).

**3.—Void Act—Reenactment in Revised Statutes.**

A provision of an Act of the Legislature void because the subject was not expressed in its title was rendered valid by its subsequent reenactment as part of the Revised Statutes.   (P. 459).

**4.—Insurance—Statute—Repeal.**

The requirement of article 4956 as to capital stock required in a liability insurance company was not repealed by the Act of March 27, 1911, Laws, 32d Leg., ch. 117, p. 237; nor by the Act of March 31, 1913, Laws, 33d Leg., ch. 66, p. 123, Rev. Stats., art. 4928; nor did the former Act forbid an amendment of its charter by the present relator.   (Pp. 460, 461).

Original application by the insurance company to the Supreme Court for writ of mandamus to the Attorney-General requiring him to certify approval of relator's proposed amendment to its charter.

The Supreme Court referred the case to the Commission of Appeals, Section A for its opinion thereon, and here, adopting same, refuses the writ of mandamus as thereby recommended.

*Collins & Houston,* for relator.

In our view Art. 4956 has no application to this case.   In the first place it is not a law of general application as is Art. 4705; it merely provides a way for the incorporation of certain kinds of insurance companies, viz., companies other than those having the power to write life, fire, marine, inland, lightning or tornado insurance;

whereas, Art. 4705 authorizes the creation of any and all kinds of insurance companies, except life and health companies,. which of course- may only be formed under the Act of 1909.

In the second place, Art. 4956 does not repeal or modify Art. 4705 or any other insurance law in force prior to its enactment. Art. 4705, under which relator was originally chartered, Art. 4862, prescribing some of the things that insurance companies other than life insurance companies may do, Art. 4928, providing for the incorporation of companies to do a surety business, and Art. 4956, the article the effect of which we are now discussing, were each reenacted and given new life in the adoption of the revised statutes of 1911, Art. 4942a, providing for the incorporation of casualty companies, was enacted at the same session of the Legislature. These acts are all of equal dignity and each must be construed so as to give effect to all. A brief examination of these various articles and a few illustrations will conclusively show that the only construction to be put upon Art. 4956 consistent with that result is that it is a law of limited application, governing only those companies chartered under it, and that it does not apply to a company, such as relator, chartered under article 4705.

*Eugene A. Wilson*, Assistant Attorney-General, for respondent.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

The relator, Commercial Standard Insurance Company, was in 1924 incorporated under the laws of this State with a capital stock of $100,000.00, and authorized by its charter to do all the kinds of business provided for in Article 4862, Revised Civil Statutes of 1911, as amended by the 33rd Legislature, Ch. 108, p. 209, Sec. 1, in 1913, which is as follows:

"It shall be lawful for any insurance company doing business in this state under the proper certificate of authority, except a life or health insurance company to insure houses, buildings and all other kinds of property against loss or damage by fire, and to take all kinds of insurance on goods, merchandise, or other property in the course of transportation, whether on land or water, or any vessel afloat, wherever the same may be; to lend money on bottomry or respondentia; and to cause itself to be insured against any loss or risk it may have incurred in the course of its business and upon the interest which it may have in any property by means of any loan or loans which it may have made on bottomry or respondentia; and generally to do and perform all other matters and things proper to promote these objects; to insure automobiles or other motor vehicles, whether

stationary or being operated under their own power, against all or any of the risks of fire, lightning, wind storms, hail storms, tornadoes, cyclones, explosions, transportation by land or water, theft and collisions upon filing with the commissioner of insurance and banking of this state, notification of their purpose to do so. (Act. Feb. 17, 1875, p. 34, sec. 8; Acts. 1913, p. 209, sec. 1.)''

Thereafter without increasing its capital stock it caused to be prepared and presented to the attorney general an amendment to its charter, authorizing it to write ''insurance against loss or damage resulting from the legal liability of the assured on account of accidental injuries to the person or property of another, including liability for injuries resulting in death.'' The attorney general refused to approve this amendment and to certify that the charter as sought to be amended was not in conflict with law, and this action is instituted, seeking, by writ of mandamus, to require him to do so. We think to allow this amendment granting permission to do a liability insurance business would violate a provision of Article 4956, Revised Civil Statutes of 1911, which is as follows:

''Corporations may be incorporated, under the laws of this state, to transact any one or more kinds of insurance business other than life, fire, marine, inland, lightning, or tornado insurance business in the same manner, and by complying with the same requirements, as prescribed by law for the incorporation of life insurance companies; provided, that no such company shall be incorporated having the power to do a fidelity and surety business or a liability insurance business with a paid up capital stock of less than two hundred thousand dollars.''

The provisions of this article as originally enacted, being section 62 of chapter 108, General Laws of 1909, were void, being in violation of Article 3, section 35, of the Constitution of this state, providing that:

''No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.''

The fact however, that this section was thereafter enacted as article 4956 of the Revised Civil Statutes of 1911 renders the article valid. American Indemnity Co. v. Austin, 112 Texas, 240.

We think the provision of this article denying the right to incorporate with the power to do a liability insurance business with a paid up capital stock of less than $200,000 was intended by the Legislature to apply, and therefore does apply, to any company seeking to do a liability insurance business, and should not be construed as applying

only to companies incorporated in the manner provided by other provisions of this article. We can conceive of no reason why liability insurance companies should be required to have $200,000 capital stock if incorporated "in the same manner, and by complying with the same requirements, as prescribed by law for the incorporation of life insurance companies," and not be required to have $200,000 capital stock if incorporated in any other manner prescribed by law. If no good reason can be given why a different requirement should be made in one case than in the other, it should not be held that this is done, unless the language used requires such holding. The language "no such company * * * having the power to do * * * a liability insurance business" may be construed to mean, (a) no insurance company having the power to do a liability insurance business, or it may be construed to mean, (b) no company incorporated in the manner prescribed for life insurance companies having the power to do a liability insurance business. If the latter construction is given, liability insurance companies may be incorporated in the manner prescribed for life insurance companies with not less than $2000,000 capital stock, but may also be incorporated in the manner prescribed for insurance companies other than life, with only $100,000 capital stock, without there being any conceivable reason why a larger sum should be required in the one case than in the other. We think the former construction should be given this provision.

We are also of opinion that the bill enacted by the 32nd Legislature, Ch. 117, relating to the incorporation of casualty and other insurance companies should not be construed as prohibiting the Commercial Standard Insurance Company from amending its charter as here sought, nor should it be construed as repealing the requirement that all liability insurance companies, not incorporated under its provisions, should have a capital stock of not less than $200,000, because this bill provides that "only companies organized and doing business under" that act "shall be subject to its provisions," and further provides:

"This act is cumulative as to insurance legislation in this State, and as to the mode and manner of organizing and doing insurance business in this State, and shall not be construed to repeal any law now in force in this State." This company was not incorporated under that Act.

We are of the further opinion that Article 4928 of the Revised Civil Statutes of 1911, as thereafter amended by the 33rd Legislature, p. 123, Sec. 1, in 1913, relating to fidelity, guaranty, and surety companies does not have the effect to repeal the requirement of Article 4956 that insurance companies seeking to do the character of liability insurance named in this proposed amendment to the charter have a

capital stock of not less than $200,000, for the reason that Article 4928 as amended does not purport to deal with this character of liability insurance.

We recommend that writ of mandamus be refused.

The opinion of the Commission of Appeals is adopted, and writ of mandamus is refused.

*C. M. Cureton,* Chief Justice.