**PRIDEAUX et al. v. ROARK et al.**
(No. 908-4669.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1927.)

**1. Fraud ⬳13(2)—Representation of past or existing fact may be "false," though one making it did not know it was untrue (Acts 36th Leg. [1919] c. 43).**

The false representation of a past or existing fact is a representation which is untrue, and such a representation may be "false," within Acts 36th Leg. (1919) c. 43, though one making it did not know it was untrue when it was made.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, False—Falsely.]

**2. Fraud ⬳12—"False" promise to do act in future is made with intent not to perform, and cannot be made in good faith (Acts 36th Leg. [1919] c. 43).**

"False" promise to do act in the future within Acts 36th Leg. (1919) c. 43, is one which promisor did not intend to perform when he made promise; hence a false promise cannot be made in good faith.

**3. Trial ⬳350(3)—Where petition pleaded both false representations and false promises, both issues should have been submitted to jury.**

Where petition pleaded both false representations and false promises, both issues should have been submitted to jury, and special issue as to whether defendants made material representations which were not true did not cover such issues.

**4. Fraud ⬳66—Finding that material and false representations induced purchase of stock held finding of actionable fraud (Acts 36th Leg. [1919] c. 43).**

Under Acts 36th Leg. (1919) c. 43, verdict of jury finding that false and material representations were made, on which plaintiff relied and acted when he purchased stock, was a finding of facts constituting actionable fraud.

**5. Judgment ⬳256(2)—Finding that stock represented to be worth· $108 was worth $100 entitled plaintiff to damages and judgment for defendants did not conform to verdict (Acts 36th Leg. [1919] c. 43; Rev. St. 1925, art. 2211).**

In action for fraud in sale of stock, in which uncontradicted evidence showed that defendants represented stock to be worth $108 per share, finding of jury that value· of stock was $100 per share entitled plaintiff to damages, under Acts 36th Leg. (1919) c. 43, and judgment for defendants did not conform to verdict, as required by Rev. St. 1925, art. 2211.

**6. Fraud ⬳66—Finding that future promises, inducing purchase of stock, were made in good faith, conflicts with finding that they were false (Acts 36th Leg. [1919] c. 43).**

If special issue, submitted under Acts 36th Leg. (1919) c. 43, as to whether defendants made material misrepresentations to plaintiff in sale of stock had reference to promises to do something in future, and not to representation of past and existing facts, finding that defendants acted in good faith when they made representations would be in conflict with finding that representations were false, since, if promises were false, they could not have been made in good faith.

**7. Statutes ⬳64(10)—Statute 'so far as defining actionable fraud and prescribing damages held not unconstitutional as containing more than one subject not expressed in title (Acts 36th Leg. [1919] c. 43; Const. art. 3, § 35).**

Acts 36th Leg. (1919) c. 43, so far as it defines actionable fraud and prescribes measure of damages, which are expressed in title of act, *held* not violative of Const. art. 3, § 35, as containing more than one subject which is not expressed in the title, even if provisions relating

to presumptions arising when promise has not been complied with within reasonable time and as to burden of proof may be void thereunder.

**8. Statutes ⬅═➡146—Invalidity of statute because of defective title held cured by reenactment as article of Revised Civil Statutes (Acts 36th Leg. [1919] c. 43; Const. art. 3, § 35; Rev. St. 1925, art. 4004).**

Any invalidity in Acts 36th Leg. (1919) c. 43, relating to actionable fraud, because of defects in title under Const. art. 3, § 35, was cured by re-enactment of such act as article 4004, Rev. St. 1925.

**9. Constitutional law ⬅═➡311—Fraud ⬅═➡12— Statute requiring promisor to show he was prevented from performing to rebut presumption of fraud held denial of due process (Acts 36th Leg. [1919] c. 43, § 1; Const. art. 1, § 19).**

Provision of Acts 36th Leg. (1919) c. 43, § 1, requiring promisor to show that he was prevented from performing promise by act of God, public enemy, or by some equitable reason in order to rebut presumption that promise inducing another to enter into contract not performed within reasonable time was falsely and fraudulently made, *held* violative of Const. art. 1, § 19, as taking property without due process of law, in that it prevents promisor from showing that, when he made promise, he intended to perform, and that it was not false and fraudulent.

**10. Pleading ⬅═➡72—Under complaint seeking damages for fraud, and, in alternative, cancellation of contract, plaintiffs could insist on cancellation only if they could not recover damages.**

In action for fraud, inducing purchase of stock in which plaintiffs asked damages, and, in the alternative, cancellation of contract, *held* that their election to recover damages binds them only if it shall be determined that they are entitled to this remedy, and only if such remedy does not exist can they insist on cancellation of contract.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by B. P. Roark and others against F. A. Prideaux and others. Judgment for defendants was reversed and remanded by Court of Civil Appeals (284 S. W. 624), and plaintiffs bring error. Affirmed.

Marvin H. Brown and Mayer, Rowe & Brown, all of Fort Worth, for plaintiffs in error.

S. A. Penix and Marshall & King, all of Graham, for defendants in error.

BISHOP, J. Defendants in error B. P. Roark and his two sons and daughter instituted this suit against plaintiffs in error Motor Supply Company, a corporation, F. A., O. C., E. R., H. O., and J. L. Prideaux, alleging that in December, 1922, B. P. Roark was fraudulently induced by plaintiffs in error to purchase and pay for 150 shares of capital stock of Motor Supply Company, issued to his sons and daughter, at the par value of $100 per share, and that the acts of fraud consisted in representations of past and then existing material facts, which were false, and also false promises to do acts in the future which were made as a material inducement to him to enter into said contract of purchase, which material facts and false promises are specifically set out in their petition. They prayed for damages, and, in the alternative, for cancellation of the contract of purchase and judgment for the amount paid for said shares of stock with interest.

On trial the court submitted to the jury the following special issues, which were by the verdict answered as indicated, to wit:

"(1) Did the defendants make any material representations to the plaintiff B. P. Roark before or at the time of the purchase of said stock by B. P. Roark which induced said B. P. Roark to purchase the same? Answer: Yes.

"(2) If you answer the preceding issue 'Yes,' now answer, Did the plaintiff B. P. Roark rely and act upon such representations, if any, at the time he purchased the stock? Answer: Yes.

"(3) If you have answered the two preceding issues 'Yes,' now answer whether or not such representations, if any, were false. Answer: Yes.

"4. If you have answered issues 1 and 2 in the affirmative, now answer whether or not the defendants acted in good faith at the time of making such representations, if any. Answer: Yes.

"(5) What was the value of the Motor Supply Company stock at the time of its sale to B. P. Roark? Answer: $100 per share.

"(6) Did the plaintiffs ever have a reasonable opportunity to obtain an adequate knowledge of the affairs and condition of the Motor Supply Company? Answer: No.

"(7) Did the plaintiff O. C. Roark, while acting as a director of the defendant company, have full knowledge of the condition and affairs of the defendant company? Answer: No."

Though the evidence shows that, at the time the shares of stock were purchased, plaintiffs in error represented that they were of the value of $108 per share, the court on this verdict rendered and entered judgment for plaintiffs in error. The Court of Civil Appeals reversed this judgment, and remanded the cause. 284 S. W. 624.

In 1919 the Thirty-Sixth Legislature enacted the following:

"An act defining what shall constitute actionable fraud in this state, and prescribing a rule for damages to be recovered against persons committing fraud as defined in this act and declaring an emergency. * * *

"Section 1. Actionable fraud in this state with regard to transactions in real estate or in stock in corporations or joint-stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter

into a contract and but for which promise said party would not have entered into said contract, provided however that whenever a promise thus made has not been complied with by the party making it within reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason.

"Sec. 2. All persons guilty of fraud, as defined in this act, shall be liable to the person defrauded for all actual damages suffered the rule of damages being the difference between the value of the property as represented or as would have been worth, had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract.

"Sec. 3. All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages, and in addition thereto, all persons knowingly and willfully making such false representations or promises or knowingly taking the advantage of said fraud shall be liable in exemplary damages to the person defrauded in such amount as shall be assessed by the jury, not to exceed double the amount of the actual damages suffered.

"Sec. 4. The fact that there are now in this state a number of fraudulent land schemes, and that a great number of citizens of this state have been defrauded thereby, and that there is now no comprehensive law protecting citizens of this state from being defrauded by false representations and promises, creates as emergency and an imperative public necessity requiring that the constitutional rule requiring bills to be read on three several days be suspended and that this act take effect and be in force from and after its passage, and it is so enacted." Acts 1919, c. 43.

[1-5] The false representation of a past or existing fact is a representation which is untrue. Such represenation may be false, even though the one making it did not know it was untrue at the time it was made. A false promise to do some act in the future is a promise which the promisor did not intend to perform at the time it was made. In order to be false, a promise must be made with intention not to perform it. Therefore a false promise cannot be made in good faith. The court in its charge presented the issue as to whether material representations, which were not true, were made. The charge makes no reference to false promises. Both false representations and false promises were alleged in the petition. Hence neither of these issues can be held to be immaterial. The verdict of the jury finding that material representations were made which were false, and upon which B. P. Roark relied and acted at the time he purchased the shares of stock, under the provisions of this act, was a finding of facts constituting actionable fraud. As the uncontradicted evidence shows that plaintiffs in error represented that the shares of stock were of the value of $108 per share, the finding that the value of the stock was $100 per share was a finding which, under the rule of damages provided by this act, fixed the amount of damages, for which defendants in error were entitled to judgment. Article 2211, Revised Civil Statutes 1925, provides that the judgment must conform to the verdict. The judgment rendered by the trial court violates this provision.

[6] Plaintiffs in error assert that the charge of the court and verdict thereon have reference to promises to do something in the future, and not to representations of past and existing facts. Should this contention be conceded, the judgment rendered on the verdict is erroneous, for the reason that the answer of the jury to special issue No. 4 that plaintiffs in error acted in good faith at the time of making the promises is in conflict with the answer to special issue No. 3 that the promises were false. If the promises were false, they could not have been made in good faith.

[7] The validity of this act is challenged on the ground that article 3, § 35, of our Constitution, was not complied with. This section is:

"No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

[8] The subject contained in this act is the definition of actionable fraud in respect to transactions in real estate or in stock in corporations or joint-stock companies, the presumption which may arise upon proof of certain facts which have a reasonable tendency to establish actionable fraud as defined, and the measure of damages recoverable against those committing actionable fraud. The title of this bill expresses so much of the subject contained therein as has reference to the definition of actionable fraud and the measure of damages, and the act, in so far as these provisions are concerned, must be held to be valid. Under these provisions the judgment rendered by the trial court is erroneous, though the provision relating to the presumption which shall obtain when a promise made has not been complied with within a reasonable time, and the burden of proof may be void, by reason of this section of the Constitution. Since the trial of this case, this act has been re-enacted by the Legislature as article 4004 of the Revised Civil Statutes of 1925, and this provision is no longer subject to the objection that it is void for the reason here assigned. American Indemnity Co. v. Austin, 112 Tex. 240, 246 S. W. 1019;

(291 S.W.)

Commercial Standard Ins. Co. v. Moody, 114 Tex. 457, 270 S. W. 1011.

[9] The failure within a reasonable time to comply with a promise to do something in the future indicates a possibility that the one making the promise intended at the time not to perform it. Whether he so intended is peculiarly within his knowledge. The Legislature may have the power to provide that his failure to perform shall raise a presumption that he intended to disregard his promise when made, and cast upon him the burden to adduce evidence to rebut such presumption. We are of opinion, however, that the provision of this act with reference to presumption and burden of proof, which requires that, in order to rebut the presumption, the one making the promise must show that he was prevented from performing it by the act of God, the public enemy, or by some equitable reason, is in violation of article 1, § 19, of our state Constitution, and have so held in the case of Clem v. Evans, 291 S. W. 871, submitted and considered with this case (not yet [officially] reported). This provision would have the effect to deprive the maker of the promise of his property without giving him the right to show that at the time he made the promise he intended to perform it, and that same was not false and fraudulent. 12 Corpus Juris, pp. 1233 and 1234.

[10] The defendants in error in their pleadings ask for cancellation, if they are not entitled to damages. Their election to recover damages for the fraudulent acts alleged in the present state of the pleadings binds them only in the event it shall be determined that they are entitled to this remedy. Should it be determined that this remedy does not exist, and only in that event, can they insist on cancellation of the contract of purchase under their pleadings.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.