**CARLTON INDEPENDENT SCHOOL DIST. v. JORDON et al.**

No. 1080—5302.

Commission of Appeals of Texas, Section B. March 12, 1930.

Oxford & Johnson and W. J. Oxford, all of Stephenville, and A. R. Eidson, of Hamilton, for plaintiff in error.

Chandler & Chandler and Sam Russell, all of Stephenville, for defendants in error.

LEDDY, J.

■ The question presented is whether the Carlton independent school district of Hamilton county, which was incorporated under a special act of the Legislature in 1909 (Loc. & Sp. Acts 31st Leg., c. 65), embracing lands wholly within Hamilton county, was authorized in 1916 by a compliance with the provisions of article 2865, R. S. 1911, to extend its boundaries so as to include contiguous territory lying within an adjoining county.

After the enactment of article 2865 (Acts of 1905, § 153, pp. 303, 304), our Supreme Court in Parks v. West, 102 Tex. 11, 111 S. W. 726, held that, under the Constitution of this state, the Legislature was without power to authorize the formation of school districts lying partly in different counties. In 1909, section 3, art. 7, of the Constitution was amended so as to authorize the Legislature to provide for the formation of school districts composed of parts of two or more counties.

The Court of Civil Appeals held that, inasmuch as it was decided in Parks v. West, supra, that article 2865 was limited in its effect so as to authorize the extension of boundaries of school districts only to territory lying in the county in which the district was situated, the subsequent amendment of the Constitution, which was not self-executing, was ineffective to authorize the annexation of territory in a different county from that in which the district was situated.

This article was unconstitutional under the doctrine announced in Parks v. West. After that decision was rendered, however, the Constitution of the state was amended, and the creation of school districts with territory in two or more counties was expressly authorized. After the adoption of this amendment, the statutes were codified in 1911, and what was then section 153 of the Acts of 1905 became article 2865 of the revision of 1911.

The Legislature in 1911 was not limited by any constitutional restriction in reference to authorizing the creation of county line school districts; hence its inclusion of the above articles in the Code made them effective as a law. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019. The fact that the Legislature re-enacted this provision by the adoption of the Code of 1911 was evidently the basis of the decision of the Supreme Court in the case of Common School District No. 16 v. Keeling, Attorney General, 113 Tex. 523, 261 S. W. 364, as the annexation in that case arose after the codification in 1911, and the court upheld the annexation of territory to a district which lay within a different county from that in which the district was situated.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and that judgment be rendered in favor of plaintiff in error.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment is here rendered for the plaintiff in error.