## SKAGGS et al. v. GRISHAM–HUNTER CORPORATION et al.

### No. 2714.

Court of Civil Appeals of Texas. El Paso.
Oct. 13, 1932.

Rehearing Denied Nov. 3, 1932.

R. J. Randolph, of Austin, and James Cornell and W. H. Lipscomb, both of San Angelo, for plaintiffs in error.

Grisham, Patterson & Grisham, of Eastland, for defendants in error.

HIGGINS, J.

Skaggs and another, plaintiffs in error, on April 22, 1931, filed this suit against Grisham-Hunter Corporation and Central State Bank of Abilene, Tex., defendants in error, and others not necessary to mention, to recover possession of a section of land in Winkler county; also to recover the title to the oil and gas in said land and for the value of the oil and gas which had been previously taken from the same.

Plaintiffs in error dismissed their suit, but in the meantime defendants in error had filed a cross-action to recover the land. Judgment in favor of the defendants in error was rendered upon their cross-action.

The land in controversy was originally public school land. In 1906 it was sold and awarded to J. C. Darwood. Proof of occupancy and improvement, as required by law, was made, and by mesne conveyances the land passed to T. G. Hendrick by deed dated August 17, 1922.

By deed dated May 18, 1923, Hendrick conveyed this and other lands to his wife. A copy of this deed was filed in the General Land Office on February 8, 1926.

On September 11, 1925, the sale of the land was forfeited for nonpayment of interest. Upon request of T. G. Hendrick the land was revalued by the Land Commissioner and reappraised at $1 per acre. Upon application to repurchase by Hendrick, filed in the Land Office January 18, 1926, the land, on March 9, 1926, was awarded to Hendrick under the provisions of chapter 94, Acts 1925, p. 267.

By deed dated February 6, 1926, Hendrick conveyed to the Central State Bank, and by deed dated February 6, 1926, acknowledged April 15, 1926, Hendrick and his wife conveyed the land to said bank. Copies of these last two mentioned deeds were filed in the Land Office August 29, 1927.

On September 29, 1927, the land was patented to the Central State Bank, which later

conveyed to the Grisham-Hunter Corporation an interest in the land.

Separate affidavits of Hendrick and wife, dated September 15, 1928, were filed September 21, 1928, in the Land Office. In these affidavits it was stated the land in question was included in above-mentioned deed of May 18, 1923, by mistake.

On March 26, 1927, Richard T. Short filed with the county clerk of Winkler county his application to prospect for oil and gas on the land. This application with required affidavit, payment, and fee was filed in the Land Office April 8, 1927, and on May 9, 1927, same was rejected for reason indorsed as follows: "These tracts are sold and not subject to permit, also for reason there are no field notes for these sections and an application to county clerk void."

Field notes of the land made by a licensed surveyor under survey dated February 5, to March 15, 1927, were filed in the Land Office March 26, 1927.

Plaintiffs in error claim under this application as assignees of Short.

Plaintiffs in error assert T. G. Hendrick was not the owner of the land at the date the original sale was forfeited on September 11, 1925, and was not the owner when it was resold and awarded to him in 1926, he having previously conveyed the land to his wife and was therefore not a competent person to contract with the state for the repurchase of the land; wherefore, the sale to him was unauthorized and void, and did not support the patent subsequently issued to the Central State Bank. We need not inquire into the original validity of the sale and award to Hendrick based upon his application to repurchase under the provisions of chapter 94, p. 267, Acts of 1925.

The Land Commissioner has recognized the validity thereof and patent has issued based thereon.

■ More than one year elapsed from the date of the resale before Short filed his application for a mineral permit and much more than a year elapsed from the date of the resale as well as the date of patent before this suit was brought by plaintiffs in error.

Inquiry into the validity of the repurchase by Hendrick is precluded by that portion of subdivision 4 of article 5329, R. S. which reads: "No sale made without condition of settlement shall be' questioned by the State or any person after one year from the date of such sale." In this connection it is asserted the statute quoted has no application because the sale to Hendrick was void and therefore cannot be considered as a sale within the purview of such statute.

A like contention was made with reference to the one-year statute of limitations contained in the act of 1905 (Acts 29th Leg. c.

29) relating to sales upon condition of settlement and rejected as altogether untenable. As was said by Judge Williams in Wyerts v. Terrell, 100 Tex. 409, 100 S. W. 133: "The contention that the act does not apply to such cases would strip it of all its force and defeat its purpose." See, also, Murphy v. Terrell, 100 Tex. 397, 100 S. W. 130; Erp v. Tillman, 103 Tex. 574, 131 S. W. 1057; Herndon v. Robison, 114 Tex. 446, 270 S. W. 159, and King v. Robison, 103 Tex. 390, 128 S. W. 368, 369.

In the case last cited Judge Williams said: "That it would have been declared void upon an attack made in time does not deprive it of the protection of the statute, which was designed to meet just such objections. Wyerts v. Terrell, 100 Tex. 410, 100 S. W. 133."

No reason is apparent why the doctrine announced and rulings in the cited cases should not apply with equal force to the present one-year statute contained in subdivision 4 of article 5329.

■ The present statute was originally a part of an act of the 37th Legislature (Reg. Sess.), being chapter 57, at page 118, and it is objected such original act is unconstitutional because the subject of sales without condition of settlement is not embraced in the caption of the act; or, if embraced therein, the bill contains more than one subject in violation of section 35, art. 3, of the State Constitution.

If the act was originally defective in the particulars indicated, it is now unimportant in view of the incorporation of the act in the 1925 Revision. American, etc., Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019; Capley v. Hudson (Tex. Civ. App.) 286 S. W. 531; Long v. State, 109 Tex. Cr. R. 140, 3 S.W.(2d) 448; Dobkins v. State (Tex. Civ. App.) 19 S.W.(2d) 574; Carlton, etc., Dist. v. Jordon (Tex. Com. App.) 25 S.W.(2d) 610; Briggs v. Buckner (Tex. Civ. App.) 19 S.W.(2d) 190; City of Lubbock v. Magnolia, etc., Co. (Tex. Com. App.) 6 S.W.(2d) 80; Commercial, etc., Co. v. Moody, 114 Tex. 457, 270 S. W. 1011; Gulf, C. & S. F. R. Co. v. Gardner (Tex. Civ. App.) 266 S. W. 809.

In a reply argument, by permission filed subsequent to the submission of the case, plaintiffs in error practically concede that these authorities foreclose this question against them.

■ In such reply argument other objections are urged against the application of the one-year statute above quoted. These objections we regard as untenable and calling for no discussion. Nor do we regard the one-year statute as in any wise violative of section 4 of article 7 of the Constitution, as is asserted in the last proposition presented by the plaintiffs in error.

Affirmed.