

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 25, 1947

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin 14, Texas

Opinion No. V-356

Re: Proper statutory pro-
visions under which to
incorporate a stock in-
surance company writing
an "all cover" automobile
policy; and the minimum
capital required.

Dear Sir:

Your letter of July 7, 1947, requests advice as follows:

"Texas Farm Bureau Insurance Company is seeking incorporation as a domestic stock insurance company for the purpose of issuing the standard all cover form insurance policy on automobiles, a copy of which is enclosed.

"Will you please advise me whether the Company should be incorporated under the provisions of Chapter 11 or Chapter 18, or both of Title 78, and what the minimum capital requirement is."

Your references are to Chapters 11 and 18 of Title 78 of Vernon's Civil Statutes.

The policy form which you enclose is the uniform policy form promulgated by the Board of Insurance Commissioners and contemplates various coverages appropriate to the ownership, maintenance and use of motor vehicles. It provides for two kinds of "liability" insurance, namely: that which insures the legal liability of the "insured" for accidental injuries to persons, and that which insures the legal liability of the "insured" for accidental damage to property. It includes a form of "accident" insurance which directly insures various medical expenses of persons accidentally injured by the automobile. It includes what

is known as "collision" insurance which insures the owner against certain accidental damage to the automobile caused by collision. In addition to the above, there are several other forms of insurance against damage to the automobile, all of which forms may, if desired by the insured, be covered under a comprehensive provision which provides generally for insurance against "any loss of or damage to the automobile." While there are a number of exceptions and exclusions in the policy, and the insurance provided is limited under certain circumstances, the coverage afforded to an automobile and its owner or permissive operator under such a policy may be broader than any kind of insurance specifically named in the insurance statutes. Stated another way, the insuring clauses of the policy form are not co-extensive with the many specified forms of insurance named in the statutes, and the comprehensive provision insures the automobile against all risks except those specifically excluded, there being no "all risk" or "all cover" provisions in the statutes dealing with incorporation of stock insurance companies.

The only chapter containing articles authorizing incorporation of a stock insurance company which neither enumerates the kinds of insurance which may be authorized nor excludes certain kinds of insurance from that which thereby may be authorized is Chapter 2 of Title 78. Article 4699 of Chapter 2 merely provides that "any number of persons desiring to form a company for the purpose of transacting insurance business shall" perform the necessary acts therein provided to affect such incorporation. No limitation is therein stated on the kinds of insurance which may be written.

Article 4919 of Chapter 11 reads as follows:

"It shall be lawful for any insurance company doing business in this state under the proper certificate of authority, except a life or health insurance company, to insure houses, buildings and all other kinds of property against loss or damage by fire; to take all kinds of insurance on goods, merchandise, or other property in the course of transportation, whether on land or water, or any vessel afloat, wherever the same may be; to lend money on bottomry or respondentia; to cause itself to be insured against any loss or risk it may have incurred in the course of its business and upon the interest which it may have in any property by means of any loan or loans which it

may have on bottomry or respondentia; and
generally to do and perform all other matters
and things proper to promote these objects;
insure automobiles or other motor vehicles,
whether stationary or being operated under
their own power, against all or any of the
risks of fire, lightning, wind storms, hail
storms, tornadoes, cyclones, explosions,
transportation by land or water, theft and
collisions, upon filing with the Commission-
er notification of their purpose to do so."

Thus, it will be seen that Article 4919 does not in
terms provide for the incorporation of insurance com-
panies but in terms merely states certain kinds of in-
surance which it shall be lawful for "any insurance
company" to write.

Chapter 18 contains two articles pertinent to
your inquiry. The material provisions of Article 4989
of Chapter 18 are as follows:

"Any three or more persons, a majority
of whom are residents of this State, may as-
sociate in accordance with the provisions of
this chapter and form an incorporated company
for any one or more of the following purposes:

"1. To insure any person against bodily
injury, disablement or death resulting from
accident and against disablement resulting
from disease.

"2. To insure against loss or damage
resulting from accident to or injury sus-
tained by an employe or other person for
which accident or injury the assured is lia-
ble.

"3. To insure against loss or damage
by burglary, theft or house breaking.

"4. To insure glass against breakage.

"5. . . . .

"6. To insure against loss or damage
by water to any goods or premises arising
from the breakage or leakage of sprinklers

and water pipes.

"7. To insure against loss resulting from accidental damage to automobiles or caused accidentally by automobiles.

"8. To insure against loss or damages resulting from accident to or injury suffered by any person for which loss and damage the insured is liable; excepting employers liability insurance as authorized under subdivision 2 of this article.

"9. . . . .

"10. . . . .

"11. To write marine insurance in which may be included the hazards and perils incident to war.

"12. To insure against any other casualty or insurance risk specified in the articles of incorporation which may be lawfully made the subject of insurance and the formation of a corporation for issuing against which is not otherwise provided for by this law, excepting fire and life insurance."

Article 4993 of Chapter 18 deals with capitalization and, so far as pertinent, provides:

"Only companies organized and doing business under the provisions of this Chapter shall be subject to its provisions. Such company shall have not less than One Hundred Thousand Dollars ($100,000) of capital stock subscribed, paid in, in cash, with an additional Fifty Thousand ($50,000) of capital stock subscribed and fully paid in, in cash, for every kind of insurance more than one which it is authorized to transact. Such companies with Two Hundred Thousand Dollars ($200,000) of capital stock subscribed and fully paid in, in cash, shall be authorized to transact all and every kind of insurance specified in the first Article of this Chapter. . . . " (Emphasis supplied.)

Article 5037 of Chapter 21, which adds nothing of

material value to the other statutes, provides in part
that:

> "Fire, marine, life and live stock in-
> surance companies may be organized under the
> provisions of this title."

Article 5038 of Chapter 21, which is material to your
inquiry and which authorizes incorporation of insurance
companies, provides:

> "Corporations may be incorporated under
> the laws of this State to transact any one or
> more kinds of insurance business <u>other than</u>
> <u>life, fire, marine, inland, lightning or torna-</u>
> <u>do insurance business in the same manner, and</u>
> <u>by complying with the same requirements, as</u>
> <u>prescribed by law for the incorporation of life</u>
> <u>insurance companies</u>. No <u>such</u> company shall be
> incorporated having the power to do a fidelity
> and surety business or <u>a liability insurance</u>
> <u>business</u> with a paid up capital stock of less
> <u>than two hundred thousand dollars</u>."(Emphasis
> supplied.)

As stated, each of these last two articles is contained in
Chapter 21 of Title 78 dealing with "Insurance", which Chap-
ter is captioned "General Provisions".

The quoted Articles from Chapters 11 and 18 and
Article 5038 of Chapter 21 were considered in the case of
Commercial Standard Insurance Company vs. Moody, Attorney
General, decided in 1925 by the Commission of Appeals, Sec.
A, and reported in 270 S. W. 1011.  Commercial Standard In-
surance Company had incorporated in 1924 with a capital
stock of $100,000.00 and was authorized by charter to do
all of the kinds of business provided for in Article 4919
of Chapter 11.  The company thereafter sought to amend its
charter without increasing its capital stock so as to au-
thorize the writing of "insurance against loss or damage
resulting from legal liability of the assured on account
of accidental injuries to the person or property of another,
including liability for injuries resulting in death."  The
Attorney General refused to approve the charter and mandamus
was sought to compel approval.

It will be noted that the kind of insurance sought
to be authorized by the amendment could also have been au-
thorized under the provisions of Chapter 18.  However, the

Court held that the provisions of Article 4989, et seq.,
of Chapter 18, (then Articles 4942, et seq., of Vernon's
Sayles Annotated Civil Statutes, 1914) "should not be
construed as prohibiting the Commercial Standard Insur-
ance Company from amending its charter as here sought"
since the original Act from which Articles 4989 et seq.,
were derived provided that "only companies organized
and doing business" thereunder "shall be subject to its
provisions" (the language of Art. 4993) and further pro-
vided that:

> "This Act is cumulative as to insurance
> legislation in this State,and as to the mode
> and manner of organizing and doing business
> in this State, and shall not be construed to
> repeal any law now in force in this State."

The Court observed that Commercial Standard was not incor-
porated under that Article. This necessarily meant that
since Commercial Standard was not incorporated under the
provisions of Chapter 18, any limitation in Chapter 18 would
not be applicable. Since there existed no other statute
which did not so limit its application, it must be assumed
that a company organized in the manner of Commercial Stand-
ard, if properly authorized in its charter or by amendment
thereto, might write any lawful form of insurance, not
specifically prohibited to it by some statute. Thus it ap-
pears that a company organized in the manner of the Commer-
cial Standard Insurance Company may, if properly author-
ized in its charter, write all of the kinds of insurance
contemplated by the "all cover" automobile insurance policy
form attached to your request.

We have examined the original pleadings and briefs
filed in the above case, and it appears that Commercial
Standard Insurance Company was originally incorporated under
the provisions of Chapter 2 of Title 78 and, as the Court
noted in its opinion, its original charter authorized it to
do the kinds of insurance business mentioned in Chapter 11.
We see no reason why the powers which may be authorized by
amendment to the charter may not be included in the original
charter.

The Commercial Standard case is also authority for
the requirement of a minimum capitalization of $200,000.00
for an insurance company so organized by virtue of the pro-
visions of Art. 5038 above quoted. The Court in that case
said that the provision of Art. 5038 that "No such insurance
company shall be incorporated having the power to do a

fidelity and surety business or a <u>liability insurance business</u> with a paid up capital stock of less than $200,000.00" refers to any insurance company doing a liability insurance business.

We construe the first part of your question to inquire whether or not, in any event, an insurance company may be incorporated to write the broad coverage contemplated by the policy form attached. We will not, therefore, attempt to determine whether or not there are alternative methods of incorporation since we have concluded that, in any event, since the company desires to do a liability insurance business under the policy form attached, it will be required to have a paid up capital stock of not less than $200,000.00. If it were legally possible to incorporate under Chapter 18, with authority to write all of the kinds of insurance therein named necessary to the coverage of the attached policy form, it would be necessary to provide authority to write more than three of the kinds of business contemplated by Article 4989, and therefore the provisions of Article 4993 would require a minimum of $200,000.00 of capitalization. Were it possible to so incorporate under Article 5038, its provisions would, of course, require a minimum of $200,000.00 of capitalization.

## SUMMARY

A stock insurance company may incorporate under the provisions of Chapter 2 of Title 78, V. C. S., for the purpose of writing the insurance contemplated by the standard "all cover" automobile policy form promulgated by the Board of Insurance Commissioners. The minimum capitalization required of such an insurance company is $200,000.00.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

By Ned McDaniel

Ned McDaniel
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

NMc/rt